472 So.2d 358 (1985)
Johnny L. PLUMMER
v.
STATE of Mississippi.
No. 54743.
Supreme Court of Mississippi.
May 22, 1985.
Rehearing Denied July 24, 1985.
*359 Charles R. Holladay, Picayune, Thomas J. Lowe, Jr., Jackson, for appellant.
Bill Allain, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Edwin Lloyd Pittman, Atty. Gen. by Jack Lacy, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, HAWKINS and PRATHER, JJ.
HAWKINS, Justice, for the Court:
Johnny L. Plummer appeals from his conviction of rape in the Circuit Court of Pearl River County and sentence to twenty-five (25) years with the Mississippi Department of Corrections.
The refusal of the circuit judge to grant a continuance is the only error assigned. Finding Plummer has shown no prejudice from this refusal, we affirm.

FACTS
On November 11, 1981, the grand jury of Pearl River County indicted Plummer of the forcible rape of one Brenda Sue Waddell on July 2, 1981.
On November 16, 1981, an order was entered appointing the local public defender, Terrell Simpson, as his attorney.
The case was later set for trial on April 19, 1982, a Monday. On the Thursday preceding, April 15, Simpson filed a motion with the court for permission to withdraw as counsel, which the court granted. That same day the circuit judge telephoned Charles R. Holladay, an attorney in Picayune, and asked him if he could represent Plummer, and he agreed to take the employment, with the court informing counsel the case was set for trial Monday.
On the next day Holladay interviewed Plummer. No subpoenas for witnesses were requested.
On Monday morning, the day of the trial, Holladay filed a motion for continuance, which stated in pertinent part:
1. Counsel was appointed to represent the defendant on April 15, 1982 and has not been able to interview the State witnesses or make any investigation of the things alleged.
2. The defendant is guaranteed the right to effective Counselby [sic] the Sixth and Fourteenth Amendments to the Constitution of the United States and by Section 26 of the Mississippi Constitution.
3. The Defendant is accused of Rape and faces severe punishment if convicted.
4. Counsel is not at this time prepared to render effective representation if the case proceeds to trial today.
5. WHEREFORE Defendant moves for a continuance in this cause of at least one week as a speedy trial is desired by the Defendant.
[R. 16]
The record reveals the following proceedings in chambers before empaneling the jury:
Now, the second motion is a motion for a continuance, and let the record show that this dictation is being done in the presence of Mr. Philip Singley, the District Attorney, Mr. Richard Douglass, the Assistant District Attorney and Mr. Claiborne McDonald, the County Attorney and Mr. Charles Randolph Holladay, Attorney for the Defendant and the Defendant Johhny [Johnny] L. Plummer; that on Thursday, April 15th, 1982, Mr. Terrell Simpson who had previously represented the Defendant from the time of *360 his indictment till that date notified the Court that he had a possible conflict of interest in the case; that Mr. Holladay has accepted appointments by the Court at any time the Public Defender, Mr. Simpson has a conflict of interest or any other reasons unable to pursue the case; that this Court called Mr. Holladay personally on that date and informed Mr. Holladay that this case was set for trial for today, April the 19th, 1982, and that a Special Venire Jury had been requested by Mr. Simpson and the Clerk and the Defendant and Mr. Simpson were prepared to draw that Special Venire Jury. The Court then inquired of Mr. Holladay if he would accept the appointment if Mr. Simpson withdrew, and if he would have any problems with being ready to go to trial on today's date being the [sic] April the 19th, 1982, and Mr. Holladay informed the Court that he would accept the appointment and he would not have any problem being ready to go to trial on this date. The Court then informed Mr. Holladay that that [sic] Special Venire was to be drawn and if there was any problem with the date to please notify the Court immediately so that the Special Venire would not be drawn and issued at a great expense to the County, and Mr. Holladay informed the Court to proceed with the drawing of the Special Venire and to allow Mr. Simpson to sit in for him at the drawing of the Special Venire along with the defendant and this was done and a Special Venire was drawn and the summons were issued, and they are now present here in Court and have been impaneled along with the regular weekly trial jury at this time.
Now, at this time Mr. Holladay would [you] like to state your position in the matter in the record at this time.
BY MR. HOLLADAY;
May it please the Court, the Court has stated fairly the Court's conversation with me regarding the trial, and on Thursday I informed the Court I would not able to interview the defendant until Friday because I had a prior commitment Thursday which would not allow me to come to Poplarville. I came to Poplarville on Friday morning, and I spent about three hours with the defendant. I returned to Picayune Friday afternoon and started trying to locate the witnesses which I assumed were going to be available, from what the defendant told me. I was unable to locate either Currlie McDonald or Montree Wall, and he told me that they had been here last time and would be here again. They are not here this morning. I have been unable, due to the time and everything else, to interview the State's witnesses. I got a moment this morning to interview the State's witnesses and at this time I feel that a  that it is going to be expensive for the County, but a week's delay isn't undue.
BY THE COURT:
All right, is there anything further?
BY MR. HOLLADAY:
That's it.
BY THE COURT:
All right, Bob, for the record, let the record show that the Court finds from the statement in the record that no subpoenaes have been issued for these witnesses; that no proper legal methods have been used to ascertain their whereabouts or to assure their presence at the trial of this matter; that any discussion the Court had with Mr. Holladay on Thursday, the Court tried to make all of these problems known to Mr. Holladay, and Mr. Holladay [sic] and for Mr. Holladay to make any problems known to the Court, and this Court then in good faith did get a Special Venire over no objection by Mr. Simpson, Mr. Holladay or the Defendant himself, Mr. Plummer, and Mr. Plummer himself has not objected to an [sic] representation by either Mr. Simpson or Mr. Holladay. The Court understands through the motion that Mr. Simpson filed that this was a personal matter with Mr. Simpson because he knew or had represented the alleged victim's family or maybe the alleged victim in this matter, and that it had nothing to do with Mr. Plummer or having any *361 problems between them. So for all of these reasons the motion for a continuance be and the same is hereby overruled, and if both sides are ready we will proceed to trial at this time.
* * * * * *
THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT IN THE PRESENCE OF ALL OF THE JURY PANEL:
BY THE COURT:
All right, is the State of Mississippi ready to proceed at this time?
BY MR. DOUGLASS:
The State is ready, your Honor.
BY THE COURT:
All right, Mr. Holladay, is the Defense ready to proceed at this time?
BY MR. HOLLADAY:
The Defense is ready, your Honor.
[R. 20-24]
In the ensuing trial Plummer was convicted. On April 29, 1982, Plummer filed a motion for a new trial, one of the grounds being the refusal of the trial court to continue the trial for one week in order to give his attorney time to prepare for trial and interview all witnesses. No proof was offered in support of the motion, and it was overruled.

LAW
The public defender was appointed to defend Plummer on November 16, 1981, about six months prior to trial. The case was later set for trial; he said nothing. Then, on April 15, 1982, just before the actual trial, he first notified the court of a possible conflict and asked to be excused. This was wrong. Counsel had a duty to notify the court about a conflict long before this.
Apparently someone had requested a special venire. It had not been drawn. Instead of continuing the case, and appointing other counsel and giving them ample opportunity to prepare for trial, the circuit judge called Holladay, an attorney in another city, and asked him if he could represent Plummer. Holladay graciously agreed to do so.
The circuit judge should have known, however, there was no possible way in which Holladay, completely unfamiliar with the case, could announce ready in that telephone call.
Yet, the circuit judge held the defense to this standard, that Holladay had in effect on Thursday announced ready for trial.
The circuit judge should not have permitted Simpson, an attorney with a conflict, to be present at the drawing of the special venire, with Holladay absent. Holladay had a professional duty to be present when the special venire was drawn.
Holladay had a duty to request the clerk to issue subpoenas for witnesses he needed. He was derelict in failing to do so.
Under the circumstances of this case, the circuit judge should have granted the motion for continuance. All Holladay asked was a week's delay.
Of course, Holladay should have notified the court on Friday he could not be ready for trial. It was a serious discourtesy for him to wait until Monday morning to notify the court.
This still does not remove the responsibility of the trial judge on Monday in a case of this serious nature, to at least grant a few days to prepare for trial.
Having said all this, and expressing our disapproval of this manner of conducting trial proceedings in this case, which in most cases would lead to a reversal, the record contains no hint of how Plummer was injured.
Presumably every witness he needed did in fact appear and testify. His defense was consent. Well, not quite. His defense was that he had upon previous occasions had a mutually voluntary sexual intercourse with her, but no intercourse at all this particular night. The prosecuting witness was thoroughly cross-examined, as was her boyfriend (later husband). Plummer testified; his friends and family testified. *362 A rather simple issue of whether or not Plummer raped this woman that night was extensively explored by the testimony of witnesses.
There was ample testimony by the victim, and corroboration by her boyfriend, a policewoman and a physician that she had been raped. Indeed, Plummer makes no assignment the verdict of the jury was against the weight of the evidence.
Plummer made no showing, offered no testimony in support of his motion for a new trial as to how he would have been better prepared if the trial had been delayed.
Contrary to the notion of some members of the public, a lawyer is not some performing magician: he cannot pull a fact out of the air like some rabbit out of a hat.
In summary, from this record, it does not appear Plummer would have been the least bit better on the evidence or that his lawyer could have served him any better if the trial had been delayed a month. See: Oates v. State, 421 So.2d 1025 (Miss. 1982); McFadden v. State, 408 So.2d 476 (Miss. 1981); Boyington v. State, 389 So.2d 485 (Miss. 1980); Martin v. State, 312 So.2d 5 (Miss. 1975); Brown v. State, 252 So.2d 885 (Miss. 1971); Sessum v. State, 221 So.2d 368 (Miss. 1969).
Finding no prejudicial error on this assignment, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P. JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.