487 So.2d 1335 (1986)
Betty McCULLUM
v.
STATE of Mississippi.
No. 55844.
Supreme Court of Mississippi.
May 7, 1986.
Alice Dale Goodsell, John L. Connelly, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Leyser Q. Morris, Sp. Asst. Atty. Gen., Jackson, for appellee.
*1336 Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
On March 14, 1983, Betty McCullum filed a false affidavit with the Hinds County Food Stamp Office that she had never received her food stamp authorization card and pursuant thereto she obtained an illegal food stamp payment of $569.00. On September 7, 1983, McCullum was formally charged in an indictment returned by the Hinds County Grand Jury with the crime of welfare fraud. Miss. Code Ann. § 97-19-71 (Supp. 1985). The indictment further charged that McCullum was a recidivist within the meaning of Miss. Code Ann. 99-19-81 (Supp. 1985). McCullum entered a plea of not guilty to all charges.
On March 13, 1984, this case was called for trial in Circuit Court sitting in Jackson, Mississippi. That afternoon, after hearing all of the evidence and receiving the instructions of the court, the jury found McCullum guilty on the principal charge of welfare fraud.
Promptly thereafter, the Circuit Court conducted a non-jury hearing on the recidivism issue. The evidence established that McCullum had been convicted of two separate felonies, both forgeries, arising out of incidents occurring on July 6 and 7, 1981. Under the combined authority of Miss. Code Ann. §§ 97-19-71(6)(a) and 99-19-81 (Supp. 1985), the Circuit Court sentenced McCullum to serve a term of three (3) years without eligibility for probation or parole and assessed a fine of Ten Thousand Dollars ($10,000.00).
From this conviction and sentence, McCullum appeals. We affirm.

II.
The evidence adduced at trial may be summarized as follows:
Margaret McGowan, an employee with the Hinds County Welfare Department, testified first and described the procedure for issuance of food stamps to individuals entitled to receive them in March of 1983. Each recipient was issued a green identification card (green card) and mailed, at some time during the month, an authorization to participate card (ATP Card). Food stamp regulations allowed other individuals designated as representatives to pick up food stamps for the recipient. The representative's names were listed on the back of the green card.
Eddie Brown, a friend of McCullum's, testified that McCullum gave him her ATP card and green card on March 9, 1983, in order to purchase her allotment of food stamps. Brown accompanied McCullum and several other individuals to the Jackson Mall Food Stamp Office to make the purchase. According to Brown, McCullum asked that he sign the card as Jack Love, her father and a designated representative. McCullum promised Brown twenty dollars ($20.00) for his services. Brown testified that he gave McCullum the food stamps before he left the food stamp office.
Louise Glasscock, coordinator of food stamps with the Hinds County Welfare Department, testified that McCullum contacted her and sought a duplicate ATP card, reporting that her original one was either lost or stolen. Regulations provided that, if a recipient did not receive an ATP card within a reasonable time after it was mailed, the recipient could obtain a replacement. The recipient was required to fill out a 574 Form styled "Affidavit Regarding ATP Card Never Received, Lost or Stolen". McCullum signed Form 574 on March 14, 1983, and delivered it to the Welfare Department.
McCullum's replacement ATP card was prepared March 15, 1983. Henry Seale, Chief Investigator for fraud at the Welfare Department, witnessed McCullum sign the replacement ATP card and exchange it for her allotment of $569.00 worth of food stamps at the main office on Woodrow Wilson Boulevard in Jackson. After the purchase of the food stamps, McCullum was arrested by a uniformed officer.
*1337 McCullum testified in her own behalf. She denied asking Eddie Brown to use her green card and ATP card to purchase food stamps. She stated that she kept her green card in her wallet and that she could not find her wallet after March 3, 1983, when Eddie Brown and several others had assisted her in moving to another residence. McCullum stated that she telephoned Loraine Funchess, an eligibility worker with the Welfare Department, and reported that her green card was missing. However, Funchess contradicted this testimony.
In addition, McCullum said on March 9, 1983, when her father, Jack Love, and neighbor, Clara McVay, received their ATP cards, her card did not arrive. McCullum stated that she then contacted Louise Glasscock about obtaining a replacement card.
McCullum admits that she filled out the affidavit (Form 574) for a replacement ATP card on March 14, 1983. She testified, in spite of the lack of corroborating records from the Welfare Department, that she was not only issued a new ATP card on March 15, 1983, but received a new green card as well.
Clara McVay, a close friend of McCullum, testified that she also went to the Jackson Mall Food Stamp Office on March 9, 1983, with McCullum. Ms. McVay said she did not hear a conversation between Eddie Brown and McCullum involving the purchase of McCullum's food stamps.

III.
McCullum complains that the indictment returned against her was on three grounds legally inadequate to advise her of the charges she was called upon to defend.

A.
First, McCullum says she did not know what part of the multifarious welfare fraud statute, Section 97-19-71, she was being charged under. The indictment is merely captioned "Indictment  Welfare Fraud". It charges
that Betty McCullum ... on or about the 9th day of March, A.D., 1983, did willfully, unlawfully, feloniously and knowingly attempt to receive an unauthorized payment of food stamps, by knowingly submitting a false Affidavit Regarding ATP Card Never Received, Lost or Stolen, SEE RIDER ATTACHED HERETO, in violation of Section 97-19-71, Mississippi Code, 1972, As Amended, ... .
Attached to the indictment is a copy of a form entitled "Affidavit Regarding ATP Card Never Received, Lost or Stolen". The affidavit is signed by Betty McCullum on "3-14-83" and certifies that she "has never received or executed said ATP card". The affidavit further contains the statement that its maker certifies "under penalty of ... fraud, ... . that the ATP card was never received or was lost or stolen as described above". Below that statement appears McCullum's signature.
The indictment makes reference to Section 97-19-71. McCullum notes the fact that there are a number of sections and subsections to Section 97-19-71 and she argues that she did not know which one she was being charged under.
A quick perusal of the statute makes it clear that the offense charged in the indictment is a violation of Section 97-19-71(4)(b) which provides that
any person who ... in any way knowingly receives, attempts to receive, or aids and abets in the receipt of unauthorized payment as provided herein, is guilty of fraud.
The language in the indictment is quite similar to this statutory language. Beyond that, the facts charged in the indictment would also seem to charge an offense within Section 97-19-71(5) which states
any person who knowingly signs, or aids and abets any person to sign, a false application for the replacement of benefits or aid to which that person is entitled claiming that person's benefits or aid was not received, is guilty of fraud.
The adequacy of an indictment is determined by reference to the requirements of Rule 2.05 of our Uniform Criminal Rules of *1338 Circuit Court Practice. Rule 2.05 requires that the indictment, among other things,
shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.
A defendant in a criminal case defends against an indictment, not a statute defining certain acts as criminal. A defendant is charged under statute only to the extent that the indictment charges acts which are unlawful under the statute. Here, the indictment charged that Betty McCullum on or about March 9, 1983, knowingly attempted to receive an unauthorized payment of food stamps by knowingly submitting a false affidavit regarding ATP Card Lost or Stolen. The specific affidavit McCullum is said to have filed fraudulently is attached.
We consider that the indictment fairly and adequately charged an offense under Miss. Code Ann. § 97-19-71(4)(b) (Supp. 1985). The indictment fairly notified McCullum of the nature and cause of the accusation against her. The fact that the indictment failed to exclude the various other types of welfare fraud made unlawful in Section 97-19-71 avails McCullum nothing. Compare Hines v. State, 472 So.2d 386, 389-90 (Miss. 1985).

B.
McCullum further complains of the indictment arguing that it charges her with attempted welfare fraud while the State then proved and obtained conviction of her on the charge of the completed charge of welfare fraud. Without doubt under our law an attempt is an offense separate from the completed offense and it is indictable and punishable as such. Miss. Code Ann. § 97-1-7 (1972); Mason v. State, 430 So.2d 857 (Miss. 1983).
The argument is wide of the mark here because the principal offense of welfare fraud is defined to include the attempt to receive an unauthorized welfare payment. Section 97-19-71(4)(b) provides that among those guilty of welfare fraud is any person who "attempts to receive ... unauthorized payment ...". Attempts are also a part of the principal offenses of welfare fraud as defined in Sections 97-19-71(2)(b), (3), and (4)(a). Where the principal offense by statute is defined to include an attempt, an indictment for the principal offense is in no way defective which employs the word "attempt". See Harris v. State, 445 So.2d 1369 (Miss. 1984). Nor is the State limited at trial to proof only of the attempt.

C.
McCullum's final complaint regarding the indictment has to do with the date on which the alleged offense is said to have been committed. In her brief McCullum insists that the proof reflected "actual welfare fraud taking place on March 15, 1983". The indictment, however, charges that the offense occurred "on or about the 9th day of March, A.D., 1983". McCullum claims that this is a fatal variance between the proof and the indictment and speculates that she might be subject to a separate prosecution based upon a March 15, 1983 fraud.
Without doubt there is a minor discrepancy between the date set forth in the form of the indictment and the proof offered. It should be noted, however, that the exhibit attached to the indictment which is the heart of the offense  the affidavit signed by McCullum  is dated "3-14-83". Again, we think it clear that McCullum knew what she was charged with.
Rule 2.05(5) speaks to the point. It requires that an indictment include
the date and, if applicable, the time, on which the offense was alleged to be committed. Failure to state the correct date shall not render the indictment insufficient;
Again the rule directs our employment of common sense. There appears little doubt that McCullum was fairly and fully advised of the charge against her. At no point in her brief does McCullum indicate that she was misled, confused or subject to injustice *1339 because of this minor discrepancy in the date contained in the indictment. The assignment of error is denied.

IV.
McCullum argues that the verdict of the jury that she was guilty of the crime of welfare fraud was against the weight of the evidence and that this Court should reverse and remand for a new trial. The argument fails in that the evidence offered by the prosecution was more than sufficient to sustain a conviction. Specifically, the critical testimony of the State's witness, Eddie Brown, could hardly be said so incredible that the verdict must be set aside. Brown's credibility, as well as McCullum's, were in this setting for the jury to resolve. See Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983); Pate v. State, 419 So.2d 1324, 1326 (Miss. 1982); Vickers v. State, 323 So.2d 743 (Miss. 1975); Campbell v. State, 278 So.2d 420, 423 (Miss. 1973); compare Edwards v. State, 469 So.2d 68, 70-71 (Miss. 1985).
The verdict that McCullum was guilty of welfare fraud was well within the evidence. The trial judge was well within his discretion in denying the motion for a new trial. Winston v. State, 479 So.2d 1093, 1097 (Miss. 1985); Williams v. State, 463 So.2d 1064, 1068 (Miss. 1985). As we find nothing in this record in the arguments of counsel to credibly suggest that the trial judge in any way abused his discretion, this assignment of error is denied. Malone v. State, 486 So.2d 360 (Miss. 1986).

V.
McCullum finally challenges the authority of the court to sentence her as a recidivist under Miss. Code Ann. § 99-19-81 (Supp. 1985). McCullum concedes that she had been convicted of two prior forgeries but argues that they arose out of the same incident and therefore should not be treated as separate offenses within Section 99-19-81.
The statute provides that one convicted of a felony may be sentenced as a recidivist upon proof that he or she has been
convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times... .
The record reflects that McCullum was convicted on a separate indictment arising out of the forgery of a $120.00 check accomplished on July 6, 1981. She had also been convicted of the forgery of a $250.00 check done on July 7, 1981. The fact that each of the checks had been purloined from "James or Earline Miller" and the further fact that the name forged onto each such check was Earline Miller avails McCullum nothing. The forgeries of July 6 and July 7, 1981, were "separate incidents at different times" within the meaning of Section 99-19-81. See Rushing v. State, 461 So.2d 710, 713 (Miss. 1984). McCullum was properly sentenced as a recidivist. The assignment of error is denied.
CONVICTION OF WELFARE FRAUD AND SENTENCE OF THREE (3) YEARS IMPRISONMENT WITHOUT POSSIBILITY OF PROBATION OR PAROLE AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.