595 So.2d 840 (1991)
Bertram Lawrence MORRIS, Jr. a/k/a Bert Morris, Jr.
v.
STATE of Mississippi.
No. 07-KA-58857.
Supreme Court of Mississippi.
February 27, 1991.
Rehearing Denied April 15, 1992.
Charles W. Easterling, Caldwell & Easterling, Marks, J. Philip Smith, Stafford Law Offices, Raton, N.M., for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
HAWKINS, Presiding Justice, for the Court:
Bertram Morris was indicted in the circuit court of Quitman County for crimes against his stepdaughter, one count of touching a child for lustful purposes and two counts of sexual battery, and also as an habitual offender under Miss. Code Ann. § 99-19-81. He was convicted and sentenced to ten, thirty, and thirty years, respectively, to run concurrently, without *841 benefit of probation or parole. He appeals, raising three issues: (1) vagueness of indictment; (2) refusal of continuance because of inadequate time for counsel to prepare his defense; and (3) Miss. Code Ann. § 99-1-5 (1972), bar of statute of limitations. We affirm.

FACTS
The father of AB reported the possible molestation of his daughter in the summer of 1987. Prior to the summer of 1986, AB was living with her mother and stepfather, Bertram or Bert Morris. During her regular summer visit with her father, in 1986, AB requested that she be allowed to live with him and his current wife in Louisiana. She was allowed to stay with her father and attended school in Louisiana, where she excelled. In the summer of 1987, when AB was fifteen, she and her half-sister argued; the half-sister threatened to have AB sent back to Mississippi. Later that night, AB revealed that she could not return to Mississippi because Bert had been sexually molesting her. She called the "Crisis Line" in New Orleans and reported that she was contemplating suicide, rather than return to Mississippi. On the recommendation of the Crisis Counselor, AB was taken to a psychiatrist, and hospitalized for three weeks. The psychiatrist recommended more extensive hospitalization, but the father's medical insurance would not cover further treatment.
AB was sixteen years old at the time of this trial, a junior in high school, and an honor roll student. She was born in 1971. Her parents were divorced in 1972. Prior to 1980, the Mississippi Welfare Department investigated complaints of physical abuse to AB by Morris, but AB was returned to the same household with her mother and stepfather. When she was approximately nine or ten years old, Bert, on the pretext of explaining sex, began molesting AB. These incidents, prior to 1982, occurred over a period of a year or two, whenever she was alone with Bert. He threatened to kill her father if she told anyone.
The family moved to Oklahoma in January, 1982. In January, 1986, Bert Morris was indicted and found guilty, in Oklahoma, of Solicitation for Murder in the First Degree, and Possession of Explosive Components with Intent to Injure or Kill. In February, 1986, AB, her mother, brother and sister returned home to Mississippi and moved in with her maternal grandfather. Another family lived in the house until the end of April. Morris returned in late March. After his return, he sexually molested AB from March to May, 1986, when the mother was at work between 11:00 p.m. and 7:00 a.m.
AB testified that she never told anyone of the molestation because she did not want to live away from her mother; Bert Morris had told her that if she ever told he would make sure he got back at her; and she believed Morris would kill her father. She never resisted, cried out, or told Morris to stop. She never confided in anyone during the six years of continual molestation. When asked why she never told anyone she replied: "Because I was ashamed, and I was afraid of what he would do."

LAW

I.

WAS THE INDICTMENT SO VAGUE AND AMBIGUOUS AS TO THE TIME OF THE ALLEGED OFFENSES AS TO PREVENT THE DEFENDANT FROM ADEQUATELY PREPARING HIS DEFENSES?
Morris contends that count three was based on testimony that the incidents occurred on the weekends or when the mother wasn't home during the night. AB could not give exact dates on which the molestation occurred, between March and May of 1986. Morris argues that this 15-year-old, honor roll student should have been able to give at least one definite date on which the acts occurred. He cites Wilson v. State, 515 So.2d 1181 (Miss. 1987), for the proposition that notice of a specific date is essential to the preparation of a defense, especially an alibi defense. Morris contends that the failure to provide *842 specific dates deprived him of the opportunity to present a convincing alibi to the jury.
Failure to state the correct date in an indictment does not render the indictment insufficient. Miss.R.Crim.P. 2.05. In ruling on the defendant's motion to "Require State to Make the Time of the Offense More Definite," the court stated:
In a case such as this, I don't know that a person could or could not state the exact dates. It (the indictment) does give a time frame within which these alleged instances were supposed to have occurred. I think the defendant is fully advised of the nature of the offense with which he is accused. I think what we're talking about here is the kind of situation where the facts of the case are going to have to establish when, if possible, but the date is not the important thing, its whether or not the offense actually took place. So, as far as the motion to make the time of the defense more definite, I am quite sure that the District Attorney would put the time in here if they knew the exact time or the exact date, but I think the indictment is sufficient in advising the defendant, and in giving a time frame within which these are supposed to have happened, and the time will have to appear, if it does, from the testimony. So, the Court will deny the motion to require the State to make the time of the offense more definite, unless the State has additional information. If you do acquire additional information, we would require to furnish that, of course, to the defense.
Traditionally, time and place have been viewed as not requiring considerable specificity because they ordinarily do not involve proof of an element of crime. The time allegation can refer to the event as having occurred "on or about" a certain date and within reasonable limits. Proof of a date before or after that specified will be sufficient provided it is within the statute of limitations. 2 W. LaFave & J. Israel, Criminal Procedure, § 19.2 (1984).
"The common law, although it required the accusation to mention some date, did not require the prosecution to stick to that date; proof of any date within the period of the statute would suffice to convict." Scott, Fairness in the Accusation of Crime, 41 Minn.L.Rev. 509, 532 (1957).
Wilson requires only that the defendant be given the specific date if at all possible. 515 So.2d at 1183. In Wilson defendant was charged with capital rape. The indictment alleged that the rape was committed on or about the 13th day of May 1985. At trial, defendant presented an alibi for May 13, but the state presented evidence that the rape may have occurred on May 13 or 14. The conviction was affirmed; although the Court stated that the specific date was important, it noted that defendant did not raise a credible claim of unfair surprise or prejudice, nor did he seek a continuance or any other remedy. 515 So.2d at 1183.
McCullum v. State, 487 So.2d 1335 (Miss. 1986), cited in Wilson, involved a variance between the proof and the date on which the alleged offense was said to have been committed. In finding that there was no error, the court examined Miss. R.Crim.P. 2.05(5) and noted that "the rule directs our employment of common sense. There appears little doubt that McCullum was fairly and fully advised of the charge against her." 487 So.2d at 1338.
In this case, the victim's testimony amply illustrates the fact that the State could not narrow the time frame any more than it did. Defendant was fully and fairly advised of the charge against him. This assignment of error is without merit.

II.

SHOULD THE DEFENDANT HAVE BEEN GRANTED A CONTINUANCE?
Defendant was indicted on August 26, 1987. Counsel was appointed to defend him on September 3, 1987. Defense counsel filed five motions on September 14, 1987. These motions were heard and denied on September 14 and 15, 1987. Trial was scheduled for September 16, 1987.
At the September 14 hearing the prosecutor informed the court that he had met *843 with defense counsel on September 3. At that time, defense counsel informed the prosecution that he would file several motions, none of which was filed until September 14. The prosecutor tendered a letter from the victim's psychiatrist which stated that a continuance would work a severe hardship on the victim who was extremely anxious, fearful, depressed, guilt-ridden and a suicide risk. Discovery was requested by defense for September 14 and received on that date. Defense counsel had previously been orally advised of the identity and location of the State's witnesses a week before this hearing. In denying the motion for continuance, the court noted that the trial was to last one day and concluded that counsel had sufficient time to prepare.
Denials of motions for continuance have been upheld where defense counsel was afforded fewer days to prepare for trial than here: Hughey v. State, 512 So.2d 4, 6 (Miss. 1987) (defendant caused to go to trial on day of arraignment and nine days after appointment of counsel); Cole v. State, 405 So.2d 910, 911-12 (Miss. 1981) (counsel had seven days to prepare for murder trial); Speagle v. State, 390 So.2d 990, 992 (Miss. 1980) (new counsel forced to prepare for incest trial in one day); Shaw v. State, 378 So.2d 631, 633-34 (Miss. 1979) (defense counsel afforded eight days to prepare); Garner v. State, 202 Miss. 21, 24, 30 So.2d 413, 414 (1947) (seven-day preparation time for capital murder trial).
In support of his argument that failure to grant a continuance was reversible error, Morris cites: Cochran v. State, 244 So.2d 22 (Miss. 1971) (defendant entitled to more than one week preparation for trial where pre-set court appearances interfered); Barnes v. State, 249 So.2d 383 (Miss. 1971) (attorney had not had sufficient time to prepare for trial); Yates v. State, 251 Miss. 376, 169 So.2d 792 (1964) (Court committed reversible error in denying motion for continuance); and Foster v. State, 484 So.2d 1009 (Miss. 1986) (failure to grant continuance on state's failure to furnish name of chief witness until ten minutes prior to trial held reversible error); Stewart v. State, 512 So.2d 889 (Miss. 1987) (reversed for state's failure to comply with discovery until day before trial).
Cochran is distinguishable on the facts. The murder for which Cochran was indicted occurred on July 7, 1970. Cochran was indicted on July 15, 1970. His attorney immediately filed for a continuance as Cochran was seriously cut in the fight and could not assist counsel in properly preparing the defense. In addition, the defense attorney had been ordered to appear in federal court on Friday, July 17, 1970; Monday, July 20; and Friday, July 24. On July 22, 1970, a special venire was summoned; counsel moved for a continuance on the ground that six material witnesses were absent, including two non-residents of Mississippi. The motion was overruled and trial was held on July 22, resulting in a guilty verdict. Cochran's motion for a new trial was based on lack of time to prepare a defense and was bolstered by an eyewitness affidavit which strongly supported a self-defense case.
In Barnes, defendant was indicted on July 15, 1970, the same date on which defense counsel was employed. Counsel requested process for defense witnesses on July 20, 1970. When trial was called, it appeared that none of the witnesses summoned had been served and no official return had been made explaining why the witnesses had not been summoned. Defendant's motion for a continuance was overruled. In granting a new trial, the Barnes court noted that the application for a continuance on the ground that the attorney for the defendant has not had a reasonable time to prepare for trial is different from an application on the ground that there is an absent witness. The lack of time to prepare for trial is subject to proof and to facts apparent to the trial court, and is largely within the sound discretion of the trial judge. Where the trial record reveals a statement of facts indicating a lack of fair trial, a new trial will be granted. 249 So.2d at 385.
Foster and Stewart are both cases in which the prosecution did not comply with discovery requests until the day before trial, and are not applicable here.
*844 Appellant contends that he was denied a "meaningful opportunity" to review evidence provided by prosecution on September 14. At the hearing on the motions, defense counsel stated that discovery was provided as agreed. He did not dispute the prosecution's statement that he knew of the evidence on September 7, 1987.
The trial judge is vested with broad discretionary powers in granting or refusing to grant a continuance. Lambert v. State, 518 So.2d 621, 623 (Miss. 1987). To prevail, the defendant must show not only abuse of this discretion, but also that the abuse actually worked an injustice in his case. Arteigapiloto v. State, 496 So.2d 681, 685 (Miss. 1986); Miss. Code Ann. § 99-15-29 (1972).
Morris makes no showing that he would have been better able to meet the prosecution's evidence given more time. Even a wrongful denial of continuance, which is not present here, does not mandate reversal absent a showing of injury. Plummer v. State, 472 So.2d 358 (Miss. 1985). Neither has Morris demonstrated that the failure to continue the case deprived him of witnesses, alibi or otherwise, who would have provided a defense. Morris argues that he was unable to prepare a substantial alibi defense due to the vagueness of the time of the alleged acts, not the failure to continue. He further contends that his cross-examination of the prosecuting witness was weakened by the fact that only one of the defense attorneys was present during her testimony. Morris was represented by at least one attorney throughout the trial. The victim was adequately cross-examined.
The defense called five witnesses, including the defendant. Nothing is presented in this appeal which indicates the defense would have been handled any differently had the continuance been granted; therefore, even assuming for argument's sake the denial was not proper, the appellant has failed to show that he did not receive a fair trial. We are satisfied that the lower court did not abuse its discretion in denying the continuance.

III.

STATUTE OF LIMITATIONS
Miss. Code Ann. § 99-1-5 (1972), the statute of limitations, provides:
A person shall not be prosecuted for any offense  murder, manslaughter, arson, burglary, forgery, counterfeiting, robbery, larceny, rape, embezzlement, and obtaining money or property under false pretenses excepted  unless the prosecution for such offense be commenced within two years next after the commission thereof, but nothing herein contained shall bar any prosecution against any person who shall abscond or flee from justice, or shall absent himself from this state or out of the jurisdiction of the court, or so conduct himself that he cannot be found by the officers of the law, or that process cannot be served upon him. (Emphasis added)
Morris is the stepfather of AB and was in a position of parental authority over her. She was living with him and her mother. He threatened to kill her father if she told anyone. It would be difficult to envision a more threatening coercion imposed upon this child. To apply the statute against the State when it was conduct of Morris which kept the crime from being discovered is not an even-handed application of the statute. It is the function of this Court to interpret this statute, and, under the facts of this case, this tolling provision should be interpreted in favor of the State, the innocent party, as opposed to the party whose very special conduct kept the crime from being reported.
State v. Danielski, 348 N.W.2d 352 (Minn.App. 1984), is in point. The Minnesota statute, Sec. 628.26 (1980), does not contain the tolling provision found in our statute, and above quoted. In that case a stepfather was indicted for sexual misconduct with his stepdaughter, and the crimes were not reported within the three-year limitation period. Even though there was no testimony from the victim that the stepfather had actually threatened to harm her or some member of her family if she told *845 (as in this case), the Minnesota court concluded:
Where the same parental authority that is used to accomplish criminal sexual acts against a child is used to prevent the reporting of that act, the statute of limitations does not begin to run until the child is no longer subject to that authority.
348 N.W.2d at 357. Accord, State v. Johnson, 422 N.W.2d 14 (Minn.App. 1988); Walstrom v. State, 752 P.2d 225 (Nev. 1988).
In Davidson v. State, Cause No. 88-201-111, 1990 WL 17778 (decided March 1, 1990, and not yet reported), the Court of Criminal Appeals of Tennessee held that the statute of limitations was tolled,
[B]y using his [defendant's] parental influence to discourage her (the victim) from telling anyone, by threatening to whip and physically abuse her if she told anyone, and further by coercing her not to tell by stating it would be injurious to her mother's health, ... .
Slip Op., at 2. The court concluded that "There is a difference between a person concealing his own guilt and a positive act to conceal that a crime has been committed." Slip Op., at 6.
Furthermore, Morris's conduct could be considered to have been a continuing course of conduct. The sexual abuse of children has been recognized as a continuing course of conduct and the statute of limitations does not begin to run until such course of conduct terminates. Cf., Norman v. State, 381 So.2d 1024 (Miss. 1980); Kelly v. State, 218 Miss. 459, 67 So.2d 459, 44 A.L.R.2d 881 (1953) (desertion or failure to support children is a continuing offense); Horton v. State, 175 Miss. 687, 166 So. 753 (1936) (same). Where a small child is threatened with harm to himself or herself, or family if he or she tells, this tolls Miss. Code Ann. § 99-1-5 until the child is removed from the threatening environment.
The circuit judge correctly held the statute did not bar this prosecution. For the reasons stated, this cause is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
DAN M. LEE, P.J., and SULLIVAN, J., concur in part and dissent in part with separate written opinion.
DAN M. LEE, Presiding Justice, concurring in part, dissenting in part:
I very reluctantly concur in Parts I and II of the majority opinion. I respectfully dissent as to the statute of limitations, Part III.
At the time Morris was indicted and tried, Miss. Code Ann. 1972 § 99-1-5, stated:
A person shall not be prosecuted for any offense  murder, manslaughter, arson, burglary, forgery, counterfeiting, robbery, larceny, rape, embezzlement, and obtaining money or property under false pretenses excepted  unless the prosecution for such offense be commenced within two years next after the commission thereof, but nothing herein contained shall bar any prosecution against any person who shall abscond or flee from justice, or shall absent himself from this state or out of the jurisdiction of the court, or so conduct himself that he cannot be found by the officers of the law, or that process cannot be served upon him.
In 1989 this statute was amended to include as excepted crimes the following:
felonious abuse or battery of a child as described in Section 97-5-39, touching or handling a child for lustful purposes as described in Section 97-5-23 or exploitation of children as described in Section 97-5-33
The 1989 amendment also provided that any prosecutions for these crimes be commenced within seven (7) years "next after the commission thereof."
Morris filed a pre-trial motion to quash the indictment based on the bar of the Statute of Limitations as to Count I [touching a child for lustful purposes prior to January, 1982] and Count II [sexual battery prior to January, 1982]. In ruling that the action was not barred the trial court *846 considered three issues: 1) Morris' absence from the state; 2) the fact that the child victim was prevented from reporting the crime due to fear; and 3) the nature of sexual battery as analogous to rape, an excluded crime.
The trial court noted that Morris was absent from Mississippi from January, 1982 until March, 1986. Ordinarily the statute would not run during an absence, but Morris, who was on probation, was not only absent with the permission and knowledge of the State, they knew exactly where he was the entire time. The trial court considered that AB was afraid during the period of time the crime went unreported and this was an
action of the defendant in conducting himself that he could not be found by the officers of the law. And, what we mean by `found by' is not that he left and went somewhere, but simply that he concealed the crime at that time, or caused to be concealed the crimes that were taking place.
The trial court further noticed that sexual battery is analogous to rape, a crime excluded from the bar. Based upon the element of fear engendered in a child of tender age, construed by the trial court [and the majority] as concealment, together with the analogy to rape, the trial court denied Morris' Motion to Quash. The majority erroneously upholds this determination.
The statute in question is mandatory and all inclusive; it does not allow the addition of crimes to the list of exceptions by reason of the considerations addressed by the trial court in this matter. At the time Morris was indicted, neither touching a child for lustful purposes nor sexual battery were excepted from the statute of limitations. Therefore, since without question the period of limitations begins to run with the commission of the crime, 2 LaFave & Israel Crim.Proc. § 18.5, 424 (1984), in my opinion the trial court erred in failing to quash the indictments on Counts I and II. Based upon the foregoing, I would reverse and render the convictions on Counts I and II and, therefore, I must respectfully dissent.
SULLIVAN, J., joins this opinion.

ON PETITION FOR REHEARING
McRAE, Justice, dissenting:
I agree with the original majority opinion that if the facts as related and brought before the jury are correct and the defendant was given a fair trial, then he should be found guilty. However, I am concerned that defendant was indicted on August 26, 1987, for crimes which occurred from March to May of 1986, with no specific dates given for such offenses, and that counsel was appointed to defend him on September 3, 1987, with trial being set for September 16, 1987, approximately thirteen days after appointment of counsel.
Defense counsel did not sit idly by, because he filed a Motion to Quash the Indictment due to vagueness and the statute of limitations, Motion for a Preliminary Hearing, Motion to Invoke Discovery, Motion to Require State to Make the Time of the Offense More Definite, Motion for Psychiatric Examination, and a Motion for Continuance based on inadequate opportunity to prepare a defense and the fact that one of the court-appointed attorneys already had a preset required court appearance. The Motion to Invoke Discovery was requested on September 2, 1987, but the response from the State was not received until September 14, 1987, only two days before trial.
Our job is to see that a fair trial is given. How can one have a fair trial when there is not adequate time to prepare a defense and defendant receives the discovery two days prior to trial?
In civil cases, when a complaint is filed and the defendant is served, the defendant is automatically given thirty days' time in which to answer or plead, without even a hearing. MRCP 12. Then, under our rules, parties are entitled to at least ninety days of discovery before a trial can be set. Unif.Cir.Ct.R. 2.08. Witnesses in this case were out-of-state, as well as in-state. In today's world, the busy schedules of counsel will not allow them to properly think through and prepare a defense for their clients in this short period of time. How is it that in civil cases, usually involving money, *847 a defendant can, ex parte, receive a thirty-day extension of time to answer and then a minimum of ninety days' time for discovery before a trial is set? We allow at least one-hundred twenty days before a case can even be set for trial in a civil case, whereas a defendant who is facing thirty years of imprisonment has less than two weeks for counsel to prepare a defense.
We have always instructed our courts that if there is a case that has been preset prior to another court's setting a case for trial, that the second court must yield to the first. To me, the trial court abused its discretion and from a review of a record, it is obvious that defendant was prejudiced. This appears to be not only a short railroad between the courthouse to Parchman, but an extremely greased track. I would grant the petition for rehearing.
DAN M. LEE, P.J., and SULLIVAN and BANKS, JJ., join this opinion.