760 So.2d 55 (2000)
Shane DAVIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00821-COA.
Court of Appeals of Mississippi.
May 16, 2000.
*56 Brent M. Brumley, Jackson, Attorney for Appellant.
Office of the Attorney General by Wayne Snuggs, Attorney for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. Shane Davis appeals to this Court his conviction of two counts of fondling a child under the age of fourteen years of age in the Oktibbeha County Circuit Court. From these convictions, Davis was sentenced to serve eight years on each count with said sentences to run concurrently in the custody of the Mississippi Department of Corrections. He was also ordered to pay a $2,000 fine on each count. Aggrieved, Davis appeals on the following assignments of error
I. WHETHER THE TRIAL COURT ERRED BY FAILING TO VOIR DIRE NINE YEAR OLD "AB" TO DETERMINE HIS COMPETENCY TO TESTIFY AT TRIAL.
II. WHETHER THE INDICTMENT WAS SO VAGUE AND AMBIGUOUS AS TO THE TIME OF THE ALLEGED OFFENSES AS TO PREVENT THE DEFENDANT FROM ADEQUATELY PREPARING HIS DEFENSE.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On January 25, 1999, Shane Davis was indicted on two counts of fondling a child, AB,[1] under the age of fourteen years of age. AB was approximately eight years of age at the time of the fondling. Count I alleged that an incident occurred on or between May 21, 1998 and August 10, 1998 during the child's summer vacation. *57 Count II alleged that an incident occurred on or between August 11, 1998 and September 2, 1998.
¶ 4. Davis was AB's stepfather. AB's natural father had died in a car accident some years earlier and his mother had remarried. Davis worked as a pastor at a local church and cared for AB during the summer recess or vacation while AB's mother was at work. It was during the summer vacation of 1998 that AB testified that incidents of fondling and molestation occurred. AB testified that while his mother was at work, Davis would call him into his bedroom and tell him to take his clothes off. AB also provided testimony concerning "watching TV" while in the room with his stepfather. AB described the acts depicted on the TV as being "about a woman's private and a man's private and sex." The videos were identified by AB and entered into evidence at trial. AB further testified that while he and Davis were alone in the bedroom, Davis would perform oral sex on him and have AB stick his "goober in [Davis's] butt." AB provided a detailed recollection of the events and circumstances in which the molestation to place. AB also testified, with respect to Count II, that Davis preformed oral sex on him on one occasion after school had started in the fall of 1998.
¶ 5. On April 22, 1999, the jury returned a verdict of guilty on both counts. A motion for judgment notwithstanding the verdict or in the alternative for a new trial was filed and denied. From that verdict and denied motion, Davis appeals to this Court.

I.

WHETHER THE TRIAL COURT ERRED BY FAILING TO VOIR DIRE NINE YEAR OLD "AB" TO DETERMINE HIS COMPETENCY TO TESTIFY AT TRIAL.
¶ 6. Davis argues that the trial court erred in failing to require a competency hearing prior to the testimony given by nine-year-old AB. Davis asserts that while the State did engage in some preliminary questioning of the child, the questions were insufficient to determine competency and further that the questions were asked in front of the jury. He asserts that the answers provided by AB during the preliminary questioning were at the very least vague, ambiguous, and at times not answered at all. Davis appears to be arguing that the trial court was required to have made a pre-trial determination as to the competency of AB prior his testifying. Davis claims that it was only after some leading and prodding from the prosecutor that AB was even able to provide any substantive testimony.
¶ 7. In support of his argument, Davis argues in his brief that House v. State, 445 So.2d 815, 827 (Miss.1984) is the controlling authority on this matter and that the "trial court erred in allowing [AB] to testify in the absence of an individual voir dire of [AB] in accordance with House or without having the State ask preliminary, nonsubstantive questions in the initial phase of direct examination." In response the State argues that in a recent departure from pre-rules cases, the Mississippi Supreme Court addressed this issue in Bailey v. State, 729 So.2d 1255 (Miss.1999). Citing Bailey, the State argues that the matter of whether a trial judge chooses to conduct a separate voir dire of a child of tender years prior to allowing that child to testify is a matter within the trial judge's discretion under Mississippi Rules of Evidence 601 and Miss.Code Ann. § 13-1-3 (1972). The State further argues that AB was able to answer the preliminary questions and likewise was a very credible witness as is reflected in the detailed account of the events provided by AB and in the jury's verdict of guilty. In addition to answering questions such as his name, age, birthday, the town in which he lives, he was also asked questions about the grades that he makes in school, what school he attends, and who his was school teacher. *58 Additional testimony concerning truthfulness was also asked and is as follows:
Q. And do you know what it means to tell the truth?
A. (No Response)
Q. [AB], do you know what it means to tell the truth?
A. (No Response)
Q. Are you nervous?
A. Uh-huh.
Q. Okay. What does it mean when you tell a lie?
A. You get in trouble.
Q. Why do you get in trouble?
A. Because you are not suppose to lie.
Q. Do you know what it means to take an oath or to swear to do something?
A. You promise.
Q. And when you promise to tell the truth, what does that mean that you are going to do?
A. To tell the truth?
Q. What happens if you don't tell the truth?
A. You will get into trouble.
¶ 8. The Mississippi Supreme Court has stated:
Mississippi courts generally allow children of tender years to testify if competent. Rule 601 of the Mississippi Rules of evidence provides that every person is competent to be a witness unless they are incompetent or otherwise restricted. It is in the sound discretion of the trial judge to determine the competency of a child witness.
Collier v. State, 711 So.2d 458, 463 (Miss. 1998) (citing Mohr v. State, 584 So.2d 426, 431 (Miss.1991)).
¶ 9. Before we address the arguments advanced by Davis, we note that during the entire testimony of AB, Davis never objected to the testimony or competency of AB and as such is subject to a procedural bar for failing to object at trial. However, notwithstanding any procedural bar we could impose, the merits of Davis's assignment are insufficient.
¶ 10. In examining the holding set forth in House and the context in which it has been advanced by Davis in his brief, we do not find his arguments persuasive. Davis's argument, citing House, that "the trial court must make a pre-testifying determination as to the competency of a child witness" is misplaced. The Mississippi Supreme Court's holding is as follows:
The determination whether a child is a competent witness is generally committed to the sound discretion of the trial judge. Before he allows a child of tender years to testify, the trial judge should satisfy himself that the child has the ability to perceive and remember events, to understand and answer questions intelligently, and to comprehend and accept the importance of truthfulness. Ellis and Williams, Mississippi Evidence § 2-3 (1983).
House v. State, 445 So.2d 815, 827 (Miss. 1984).
¶ 11. However, in addressing this holding, our supreme court has explicitly held that the holding in House "does not explicitly require a separate voir dire to make the competency determination." Bailey, 729 So.2d at 1259 (¶ 20). See also Brent v. State, 632 So.2d 936, 942 (Miss.1994); Mohr, 584 So.2d at 431. AB was asked several preliminary questions, including a detailed series of questions aimed at determining his ability to comprehend the nature of providing truthful testimony from which the trial court could determine that the competency standards set forth in House and Brentwere met. While AB may not have answered the first two questions in a timely manner, that, in and of itself, does not render his testimony incompetent. This is said in full light of his entire testimony, which we might add, we do not find was the result of any inappropriate leading or prodding by the State as is asserted by Davis. We likewise note, in addition to the discretionary authority afforded the trial court in determining the *59 competency of a witness, that under Mississippi Rules of Evidence, Rule 601: "Every person is competent to be a witness except as restricted...."
¶ 12. Our review reveals that the child provided responsive answers, in light of his age and the natural tendency to exhibit nervousness given his age, and demonstrated a more than adequate understanding of the nature and importance of telling the truth. This is strongly supported in his testimony. This assignment of error is without merit.

II.

WHETHER THE INDICTMENT WAS SO VAGUE AND AMBIGUOUS AS TO THE TIME OF THE ALLEGED OFFENSES AS TO PREVENT THE DEFENDANT FROM ADEQUATELY PREPARING HIS DEFENSE.
¶ 13. Davis agues that he was deprived of preparing a defense of alibi or impossibility due to the indictment's vague and ambiguous information concerning the dates of the crimes. Davis asserts that without a more definite time frame he is unable to adequately prepare his defenses and therefore is denied his right to a fair trial. The indictment states that the crimes of fondling, Counts I and II, occurred "on or about and between the 21st day of May, 1998 through the 10th day of August, 1998" and "on or about and between the 11th day of August, 1998 through the 2nd day of September, 1998." Davis supports his argument with the contention that the alleged incidents occurred during the summer vacation of 1998 and during a brief period after school had started in the fall of 1998 and therefore he was physically incapable of committing these acts during those periods due to complications from a debilitating neurological disease. This disease, as testified to by Davis, would have rendered him incapable of committing the acts during flairups. Some of the side-effects include: seizures, nervous disorders, paralysis and ulcerations. Davis argues that he was hospitalized on more than one occasion during the summer of 1998 and at times he was even limited to a wheel chair. Davis asserts that had he been given a more specific date as to the alleged incidents of abuse, he might have been able to present an adequate defense of impossibility. In addition, he argues that AB stayed with different relatives during these alleged periods as well and that without a more definite date he just simply cannot prepare any type of defense let alone an alibi defense.
¶ 14. Davis cites Morris v. State, 595 So.2d 840, 842 (Miss.1991) for the proposition that a more definite time frame is an essential part of his right and ability to adequately prepare a defense, especially an alibi and impossibility defense. Arguing a distinction in Morris, Davis acknowledges "that a specific date in a child sexual abuse indictment is not required so long as the defendant is fully and fairly advised of the charge against him," Morris, 595 So.2d at 842, but nevertheless argues that a distinction is readily apparent. Davis asserts that in Morris the abuse allegedly occurred continuously over a period of six years, but that only two incidents were alleged to have occurred in the case sub judice and that the testimony of AB did nothing to narrow the dates to a more definite time period. We fail to see any distinction or how the specific facts in the case sub judice requires a departure from precedent. Davis is attempting to create a time sensitive exception to the existing state of the law by creating a heightened requirement in the level of proof when the alleged incidents occur over a relatively brief period of time rather than over a lengthier period as was the case in Morris. We find no merit in this argument and decline to follow his rationale.
¶ 15. Having declined to draw a distinction between Morris and the case sub judice, we are persuaded that Morris lends credible insight in resolving the current *60 issue. The Mississippi Supreme Court held:
Failure to state the correct date in an indictment does not render the indictment insufficient. Miss.R.Crim.P. 2.05.... Traditionally, time and place have been viewed as not requiring considerable specificity because they ordinarily do not involve proof of an element of crime. The time allegation can refer to the event as having occurred "on or about" a certain date and within reasonable limits. Proof of a date before or after that specified will be sufficient provided it is within the statute of limitations. 2 W. LaFave & J. Israel, Criminal Procedure, § 19.2 (1984). "The common law, although it required the accusation to mention some date, did not require the prosecution to stick to that date; proof of any date within the period of the statute would suffice to convict." Scott, Fairness in the Accusation of Crime, 41 Minn.L.Rev. 509, 532 (1957).

Morris, 595 So.2d at 842.
¶ 16. Analyzing the issue further, the Morris court stated that under Wilson v. State, 515 So.2d 1181, 1183 (Miss.1987), with respect to date, the defendant is only entitled to be given the specific date if at all possible. Wilson was charged with capital rape. The date set forth in his indictment alleged that the rape occurred on or about the 13th day of May 1985. In contradiction of this date, Wilson presented an alibi for May 13, and rebutted this testimony with evidence that the rape may have occurred on May 13 or 14. Wilson's conviction was affirmed. The Wilson court acknowledged that a specific date was important, but noted that Wilson failed to raise a credible claim of unfair surprise or prejudice and further did not seek a continuance or any other remedy. Id.
¶ 17. The Morris court also briefly addressed McCullum v. State, 487 So.2d 1335 (Miss.1986), which was cited in Wilson. McCullum "involved a variance between the proof and the date on which the alleged offense was said to have been committed." Morris, 595 So.2d at 842. In McCullum, no error was found upon examining Miss. R.Crim. P. 2.05(5).[2] The court also noted that "the rule directs our employment of common sense," and that there was little doubt that McCullum was fully apprized of the charges set forth in the indictment. Id.; McCullum, 487 So.2d at 1338.
¶ 18. Returning to the present case, we are equally persuaded that Davis was fully and fairly apprized of the charges against him. Under the previously discussed precedent, this is all that is required to be set forth in the indictment. AB's testimony, which we note was very specific with respect to the elements of the crime charged, amply supports a finding within reason of the jury's verdict of guilty despite AB's inability, especially in light of his age, to narrow the time frame to a specific date. This assignment of error is without merit.
¶ 19. THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT OF CONVICTION ON COUNTS I AND II OF FONDLING AND SENTENCES OF EIGHT (8) YEARS ON EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONCURRENTLY AND ORDER TO PAY A FINE OF $2,000 ON EACH COUNT FOR A TOTAL OF $4,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
*61 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.
NOTES
[1] The name of the minor child has been changed to "AB."
[2] Miss. R.Crim. P. 2.05(5) of the Uniform Criminal Rules of Circuit Court Practice has since been repealed and replaced with Rule 7.06(5), Indictments of the Uniform Rules of Circuit and County Court Practice. Both read as follows: "An indictment shall also include the following: ... The date and, if applicable, the time at which the offense was alleged to have been committed. Failure to state the correct date shall not render the indictment insufficient; ..."