484 So.2d 1022 (1986)
Charles Lee STOKES
v.
STATE of Mississippi.
No. 55339.
Supreme Court of Mississippi.
February 26, 1986.
*1023 Phil R. Hinton, Wilson & Hinton, Corinth, for appellant.
Edwin Lloyd Pittman, Atty. Gen., by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
HAWKINS, Justice, for the Court:
Charles Lee Stokes appeals from his conviction of forcible rape in the circuit court of Alcorn County and sentence to life imprisonment. Because the circuit judge refused to declare a mistrial in this most unusual trial situation, we reverse.

FACTS
Stokes was indicted by the Alcorn County grand jury for forcible rape of Regina Stewart on March 13, 1982. She was his stepdaughter and 13 years of age at the time.
In its voir dire examination of the jury, the state revealed the victim had undergone an abortion, and asked the jury about its effect on them:
BY MR. WOOD: As I mentioned earlier, this is a rape case, involving a thirteen year old child. There is a strong social issue in this country regarding abortion, and in fairness to all parties concerned what we need to know is whether or not, during this trial it will come out in the testimony that this child was pregnant and that an abortion was done, does anyone here through moral or religious convictions feel so strong about abortion that they would let that cloud the issue of the guilt or innocence of the defendant relating to the rape charge?
BY PROSPECTIVE JUROR JOHNSON: It very well could. I feel very strongly about abortion. I believe it is wrong.
BY MR. WOOD: Sammy, do you think you would allow that to influence you in the consideration of guilt or innocence of the defendant in the primary charge of rape, the fact that an abortion was done?
BY PROSPECTIVE JUROR JOHNSON: At this time, I don't think so. I don't believe that would influence my decision as far as the defendant is concerned, no.
BY MR. WOOD: You wouldn't hold the victim accountable for having an abortion, would you?
BY PROSPECTIVE JUROR JOHNSON: The defendant?
BY MR. WOOD: No, the victim. I said you wouldn't hold the victim accountable for having had an abortion, would you? The thirteen year old girl.
BY PROSPECTIVE JUROR JOHNSON: I suppose not. Who do you hold accountable, though? [Emphasis added]
BY MR. WOOD: Well, what I am trying to get at, Sammy, during the case, the case is going to deal with the charge of rape, and the evidence presented by us, and then by the defense, and then you will have to determine whether or not you find the defendant guilty or not guilty. Would you let the fact that the child in this case had an abortion performed, had the fetus aborted, would you let that influence your decision as to the guilt or innocence of the defendant?
BY PROSPECTIVE JUROR JOHNSON: Well, like I said, at this time I don't feel like it would.
BY MR. WOOD: Is there anyone else that has strong moral or religious convictions *1024 about that you feel like it would influence your decision in this case, one way or the other?
BY PROSPECTIVE JUROR: I don't believe in abortions, but I don't believe that would have anything to do with the conviction of the man. I think that's an 
BY MR. WOOD: You don't think it 
BY PROSPECTIVE JUROR:  entirely different thing.
BY MR. WOOD:  that it would have anything to do with your  it wouldn't influence you one way or the other, so far as the trial of this case?
BY PROSPECTIVE JUROR: No, sir.
BY MR. WOOD: What's your name?
BY PROSPECTIVE JUROR: Shelly Hancock, now; I was a Driscoll.
BY MR. WOOD: Thank you. Is there anybody else?
R. 39-41.
When the jury had been selected by both sides, the state made the following motion:
BY MR. GEDDIE: May it please the Court, your Honor, comes now the State of Mississippi and moves the court in limine for an order excluding questions about any examination and or conclusion therefrom of the fetal remnants resulting from a D & C operation performed upon the victim in this cause, Regina Ann Stewart, and for grounds would show unto the Court as follows. One, the evidence thereby produced is irrelevant to the issue of forcible rape alleged in this cause. Two, the said of line of questioning would require that the State present of prior to-wit: Prior acts of forcible rape on the same victim by the same Defendant prior to the event herein charged. Three, the detailed examination in reference to the said D & C operation, otherwise referred to an abortion, is emotionally charged, is cruel to the prosecutrix and would tend to influence and inflame the passions of the jury on an issue immaterial to the facts of this case.
R. 67-68.
Following argument the court sustained the motion. The defense then moved for a mistrial, which was overruled.
BY MR. HINTON: On behalf of the defendant as attorney, I move the Court for a mistrial at this time. And as a basis for that, the jury panel has already been advised that the prosecuting witness in this case was pregnant and has had an abortion which in and of itself is sufficient to corroborate her testimony and, therefore, since the defense has now been denied the right to in any way go into the area of the reasons and date of her pregnancy and show that she's not pregnant by this particular individual, he has been prejudiced by this contamination of the jury panel. I renew my objection to the Motion in Limine for the same reason. Thank you. [Emphasis added]
BY JUDGE GARDNER: Motion for a mistrial will be overruled.
R. 72
Defense counsel then asked the court if he was being prohibited from inquiring about prior sexual conduct between the prosecuting witness and Stokes, and the court told him he was.
The defense was then permitted to make a profert of what they would prove if permitted to do so. There ensued a rambling discourse, none of which we find would have been relevant had knowledge of the abortion not been revealed to the jury in the first place. Nor do we perceive any benefit to the defendant had it been offered with the jury's knowledge there had been an abortion.
Two errors have been assigned on appeal: first, the court should have sustained the motion for a mistrial; second, the court erred in sustaining the state's motion in limine.
The conduct of the prosecution and defense is perplexing. We do not understand the state's reasoning or desire to mention to the jury, in the first place, that this child had undergone an abortion. It is manifest that in the absence of some showing of its relevance, evidence of the abortion was inadmissible. *1025 It would likewise appear that the defense would object strongly to any evidence pertaining to an abortion of a thirteen-year-old girl.[1]
Yet here we have the state informing the jury on voir dire that the victim had an abortion, and the defense offering no objection.
Defense counsel's rationale for wanting to explore this evidence before the jury escapes us. It was irrelevant under the facts of this record. It was prejudicial; it should never have been mentioned.
The state did bring the matter out on voir dire, however. Having opened the subject for speculation, the state should not have been permitted to shut the door. In a trial, neither party should be permitted to limit the jury's view to a cheesecake picture.
Limited to this statement by the prosecution on voir dire, the jury could very well have concluded that not only did Stokes rape the child, he made her pregnant as well, either on April 13, 1982, or at some other time. Elementary to all trial proceedings is the proposition that the occurrence of any prejudicially incompetent matter or misconduct before a jury, the damaging effect of which cannot be removed by admonition or instructions, necessitates a mistrial. Smith v. State, 198 So.2d 220, 223 (Miss. 1967); Buchanan v. State, 204 Miss. 304, 37 So.2d 318 (1948). Indeed, under some circumstances the circuit judge of his own motion is required to direct a mistrial. Anderson v. State, 332 So.2d 420, 425 (Miss. 1976).
The circuit judge should have sustained the motion for a mistrial under the posture of the case with which he was confronted. The only way the information elicited by the state could have avoided prejudicing the defendant would have been a concession by the state that Stokes had nothing to do with making his step-daughter pregnant, a concession we would surmise the state most unwilling to make.
We also make clear that because the defendant made no objection to the statement to the jury, and indeed appears to have been desirous of, and indeed an accessory to the trial development, reversal of this case is without prejudice to retrial upon the same charge and indictment.
In view of our conclusion, there is no need to address the second assignment of error.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] In fairness to the circuit judge he no doubt thought when the state brought out the abortion on voir dire and the defense offered no objection that both sides deemed it relevant and its pertinence would be developed in the course of trial.