515 So.2d 1181 (1987)
Jeffrey WILSON
v.
STATE of Mississippi.
No. 57299.
Supreme Court of Mississippi.
November 25, 1987.
Mager A. Varnado, Jr., Gulfport, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by DeWitt Allred, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and ANDERSON, JJ.
ANDERSON, Justice, for the Court:
Jeffrey Wilson was tried in December 1985 in the Circuit Court of Harrison County and convicted of capital rape. He was sentenced to life imprisonment. From this conviction and sentence, Wilson appeals. We affirm.
The jury found Wilson guilty of the capital rape of his seven-year-old stepdaughter. We find the testimony and evidence against Wilson quite convincing and amply sufficient to sustain the verdict. Wilson's challenge to the sufficiency of the evidence is without merit.

I.
Appellant argues that the trial court erred in overruling appellant's motion for mistrial due to non-production of criminal records by the state. The appellant on direct and cross examination admitted two prior misdemeanor convictions for indecent exposure in the presence of a minor and simple assault on a minor. He denied any other convictions. He was then shown a copy of his record containing a third charge, but he continued to deny the conviction. Appellant's counsel objected and moved for mistrial alleging that he had no record of any other convictions.
A hearing was thereafter had on appellant's motion for mistrial. There was testimony (unrefuted) that the state had provided appellant's counsel with certified copies of all three of appellant's convictions on the day before trial. The court found that appellant had sufficient notice of the conviction and denied the motion for mistrial. *1182 We find no error in the denial of this motion.

II.
Appellant contends that the trial court erred in not granting appellant's motion for mistrial after testimony by state witnesses as to prior incidents of rape by appellant. During cross examination defense counsel asked the prosecutrix and her mother if they hated Wilson and wanted to get him out of the house. On redirect the prosecution asked the mother why she wanted Wilson out of the house and she responded, "because he was very abusive to us and he had bothered her before." At this point appellant objected and moved for a mistrial which was denied.
In a very recent case involving a charge of sexual battery, the defendant claimed the court committed reversible error by allowing proof of other criminal acts, not charged in the indictment, of which he had not been convicted. This Court in Coates v. State, 495 So.2d 464, 468 (Miss. 1986), acknowledged the general rule that the prosecution cannot offer evidence of criminal conduct not charged in the indictment ... [of] which the accused has not been convicted." Coates held:
In the context of sexual crimes, however, we have long recognized a relaxation of that rule. In substantial part because of the congenital absence of hard evidence of crimes such as this, we have regarded that substantially similar prior sexual acts with the same person, that is sexual acts of the same general type as those charged in the indictment, are as a matter of common sense probative of the issue being tried. Testimony regarding such prior acts is thus admissible.
Likewise, in the case at bar the evidence of prior molestation of the child was admissible. Furthermore, the appellant opened up the subject for speculation and thereby invited the testimony complained of. Stokes v. State, 484 So.2d 1022 (Miss. 1986); Shelby v. State, 402 So.2d 338 (Miss. 1981).

III.
Finally, appellant argues that the trial court erred in not granting appellant's motion for directed verdict because the indictment did not contain a specific date. The indictment alleged that the rape was committed on or about the 13th day of May, 1985. At trial appellant presented an alibi for the day of May 13 only. However, the state presented evidence that the rape may have occurred on May 13 or 14. Appellant argues that this constituted a material variance in the indictment and proof which resulted in prejudice to him. He moved for a directed verdict at the close of the state's evidence. The motion was denied and appellant proceeded with his evidence.
Likewise, Wilson complains that omission of a specific date in jury instruction S-1 constituted error. That instruction reads in pertinent part:
Defendant, on or about the time and date charged and testified about in the First Judicial District of Harrison County, Mississippi, had sexual intercourse with her by... .
The sufficiency of the indictment has been addressed statutorily and in several cases before this Court. MCA § 99-7-5 (1975) provides:
An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue.
Rule 2.05 of the Unif.Crim.Rules of Cir.Ct. also state:
An indictment shall also include the following:
* * * * * *
(5) The date and if applicable the time, on which the offense was alleged to be committed. Failure to state the correct date shall not render the indictment insufficient. *1183 See also, Norman v. State, 385 So.2d 1298 (Miss. 1980); McCullum v. State, 487 So.2d 1335 (Miss. 1986).
However, we note that in cases of this nature, it is important that a defendant be given the specific date or dates of the alleged acts if at all possible. Van Norman v. State, 365 So.2d 644 (Miss. 1978) (trial judge in adultery case correctly required the state to specify an exact date on which the offense occurred where defense was alibi.)
In all fairness, notice of a specific date is often essential to the preparation of a defense  especially where an alibi defense is relied on. We would also instruct the trial court that it is even more important that a specific date be included in the jury instructions than in the indictment. It would be no great task to include the date(s) established by the evidence.
As in Norman v. State, supra, the appellant sub judice has raised no credible claim of unfair surprise or prejudice, nor did he seek a continuance or any other remedy. For these reasons, we do not feel any error warranting reversal.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.