**7/1/97**

# IN THE COURT OF APPEALS

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-00367 COA

*HERMAN VEASLEY A/K/A HERMAN*

*VEASLEY, JR., A/K/A "JUNE" APPELLANT*

*v.*

*STATE OF MISSISSIPPI APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. JOHN LESLIE HATCHER

COURT FROM WHICH APPEALED: COAHOMA COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: STEPHEN ALAN BRANDON

ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL

BY: DEWITT ALLRED III

DISTRICT ATTORNEY: LAURENCE Y. MELLEN

NATURE OF THE CASE: CRIMINAL (FELONY)

TRIAL COURT DISPOSITION: CTS I, II, III, IV, V RAPE: EACH COUNT SENTENCED TO
LIFE; CT I SENTENCE TO RUN CONSECUTIVE TO ANY AND ALL SENTENCES
PREVIOUSLY IMPOSED; CTS II, III, IV, V CONSECUTIVE TO AND SHALL COMMENCE
AT THE TERMINATION OF CT I

MOTION FOR REHEARING FILED:7/15/97

CERTIORARI FILED: 9/24/97

BEFORE McMILLIN, P.J., DIAZ, AND SOUTHWICK, JJ.

McMILLIN, P.J., FOR THE COURT:

Herman Veasley stands convicted by a Coahoma County Circuit Court jury of five counts of rape of his stepdaughter, who was thirteen years of age at the time of the alleged offenses. He appeals to this Court claiming four errors of law that would require his convictions to be reversed.

## I.

### Hearsay Evidence

The evidence for the State consisted of testimony from a social worker, the sheriff, the stepdaughter, and a medical doctor. The only evidence directly implicating Veasley in the crime came from the testimony of the stepdaughter. However, both the social worker and the sheriff were permitted to testify to out-of-court statements made to them by the stepdaughter about the sexual abuse. These statements tended to corroborate the victim's in-court testimony. The social worker was also permitted to relate statements made to her by the stepdaughter concerning incidents of physical abuse of the child's mother by the defendant.

Veasley had filed a motion in limine to prevent the introduction of all aspects of this testimony, claiming it to be inadmissible hearsay. He further alleged that the evidence of spousal abuse was inadmissible as being in violation of Mississippi Rule of Evidence 404(b). This rule prevents introduction of evidence of other bad acts for the purpose of proving the character of the defendant in order to show that, as to the charged crime, he was merely acting in conformity with that character. *See* M.R.E. 404(b).

As to the hearsay objection, the trial court ruled the evidence admissible under Rule 803(25), an exception to the hearsay rule that permits, in certain circumstances, the admission of out-of-court statements made by "a child of tender years describing any act of sexual contact performed with or on the child. . . ." M.R.E. 803(25). The court also determined evidence of spousal abuse to be admissible as tending to corroborate the victim's explanation for why she did not report prior incidents of sexual abuse by her stepfather. It was anticipated that she was going to testify that the defendant had threatened her and her mother with physical harm if she reported the abuse. The State contended her explanation for her silence was made more credible by her knowledge of the defendant's capacity for violent behavior.

### A.

### Mississippi Rule of Evidence 803(25)

We conclude that the trial court erred as a matter of law in ruling on the admissibility of the victim's out-of-court statements. Rule 803(25) was adopted after the Mississippi Legislature sought to speak on the subject by enacting the Evidence of Child Sexual Abuse Act. *See* Miss. Code Ann. 13-1-401, *et. seq.* In that enactment, the Legislature purported to legislate the admissibility of certain out-of-court statements by a child under the age of twelve. *See* Miss. Code Ann 13-1-403(1) (1972). The Mississippi Supreme Court, in the case of *Hall v. State*, 539 So. 2d 1338, 1345 (Miss. 1989), found it beyond the province of the Legislature to prescribe rules of evidence in judicial proceedings and

ignored the statute. The court proceeded to find reversible error in the introduction of evidence that would, arguably, have been admissible under 13-1-403(1). *Hall v. State*, 539 So. 2d at 1348.

The text of the subsequently adopted Rule 803(25) is not identical to section 13-1-403(1), but it is evident that it was designed to address essentially the same issue, *i.e.*, whether there are situations in sex offense cases involving younger children where it is appropriate to override traditional strictures on the admissibility of hearsay testimony. Perhaps the most evident distinction between the two attempts to address the same issue is that the judicially-ignored statutory enactment set a definite age for its applicability -- "a child under the age of twelve" -- whereas the rule speaks only of a "child of tender years." *See* Miss. Code Ann. 13-1-403(1)(1972); M.R.E. 803(25). The rule itself does not attempt to define with any chronological exactitude what constitutes a "child of tender years." The comment to the rule addresses the question but provides no definite answer. It suggests that "[m]any jurisdictions limit their analogous exceptions to declarants under the age of fourteen years." M.R.E. 803(25) cmt. However, it must be noted that this idea is specifically rejected as the rule in Mississippi. The comment goes on to indicate that "the exception should not be necessarily limited to a specific chronological age." M.R.E. 803(25) cmt. Certainly, the ensuing discussion in the comment concerns considerations of a declarant older than fourteen being mentally still "a child of tender years;" however, the unspoken reverse of that proposition must be equally true, and there may be persons under the age of fourteen that possess the requisite mental maturity to fall outside the class of "children of tender years." *See* M.R.E. 803(25) cmt.

It is also important to remember that there is a two-step process for evaluating the admissibility of a young victim's out-of-court statements. The court must first determine that the declarant is, in fact, a "child of tender years" before it may move to the second step of determining whether "the time, content, and circumstances of the statement provide substantial indicia of reliability. . . ." M.R.E. 803(25).

While this Court will concede that in situations involving a very young child, there may exist no legitimate issue of fact as to whether the child is "of tender years" for purposes of this rule, we do not think in this case that the matter is so forgone a conclusion that the trial court may simply assume the fact. The victim was thirteen years old when she made the statements implicating her stepfather. Evidence was developed at trial that, in fact, she had been sexually active with other adults besides her stepfather in the period prior to the incidents charged in the indictment and, thus, prior to the time the statements were made. This sexual activity was, by her own testimony, purely consensual, though she claimed that she had consented because of the encouragement or insistence of her stepfather.

The trial court, in ruling on the 803(25) issue, seemed to have misapprehended the import of the comment to the rule regarding chronological age, since he stated, "I don't consider age thirteen to be a child of tender years," and then immediately thereafter said, "Except to the extent that it is permitted in 803.25 in which case, according to the cases and so forth, *anyone under fourteen is considered to be, for 803.25 purposes, to fit within that exception*." (emphasis supplied).

Thus, the trial court improperly assumed, without any evidence, the answer to an important question of fact affecting the admissibility of the victim's out-of-court statements -- a question that, on this record, seems one upon which reasonable fact-finders might differ. The error appears irreparable. The

defense, at the motion in limine hearing, suggested the propriety of the trial court hearing from the victim in order to make a determination as to her status as a "child of tender years," and the trial court declined to consider the matter. There is, thus, no pertinent evidence in the record that would permit a remand for a post-verdict hearing regarding the applicability of the "tender years" exception to this victim's out-of-court statements.

We, therefore, cannot conclude with the requisite certainty that the unquestionably damaging hearsay evidence offered by the social worker and the sheriff in this case was properly admitted. Because the evidence was so central to the issue of guilt in this case, we are convinced that the improper admission of the evidence requires reversal as affecting a "substantial right of the [defendant]." *See* M.R.E. 103(a); *see also Gullett v. State,* 523 So. 2d 296, 300 (Miss. 1988); *Murphy v. State,* 453 So. 2d 1290, 1293-94 (Miss. 1984). For these reasons, we find it necessary to reverse and remand this case for a new trial.

It should be noted that this opinion does not constitute an adjudication that the statements are inadmissible. That is an issue that must be resolved at retrial, should the State propose to offer the same or similar evidence. We only conclude today that a necessary prerequisite to the admission of such statements is an on-the-record finding by the trial court, based upon findings of fact stated into the record, that this victim was "a child of tender years" within the meaning of Rule 803(25). It is only upon that foundation that the trial court may properly proceed to the secondary issue of whether "the time, content, and circumstances of the statement[s] provide substantial indicia of reliability . . . ." M.R.E. 803(25).

B.

Evidence of Spousal Abuse by Veasley

As to the second issue regarding the admissibility of evidence of spousal abuse, we find no error in permitting the State to present evidence tending to explain the otherwise puzzling question of why the victim delayed so long in reporting the alleged acts of sexual abuse by her stepfather. Defense counsel freely admitted his intention to attempt to impeach the victim by examining her on the subject. In any event, when the State's evidence necessarily raises questions that, if left unanswered, may make the State's proof seem doubtful, we think the State ought to be permitted to offer evidence in its case-in-chief that tends to explain and make more credible evidence that would otherwise seem to be of questionable probative value.

Nevertheless, on retrial it must be remembered that the issue upon which the evidence is admissible is not directly on the question of whether the defendant is a spousal abuser. Rather, the true issue is what knowledge the victim had of such abuse that would tend to add strength to her claim that she failed to report the abuse earlier out of justifiable fear of physical retribution by the defendant. For that reason, evidence of spousal abuse incidents of which the victim was unaware have no relevance to the case and would appear inadmissible under Rule 404(b). Likewise, because of the undoubtedly prejudicial impact of such evidence, the trial court should carefully monitor the quality and quantity of such evidence to ensure that, at some point, further evidence, though perhaps bearing directly on the victim's understanding of the propensities of her stepfather for violence, ought to be excluded

because "its probative value [will be] substantially outweighed by the danger of unfair prejudice, confusion of the issues, or [may be] misleading [to] the jury. . . ." M.R.E. 403.

This observation relates only to direct testimony offered at trial, however. Rule 803(25) very narrowly restricts out-of-court statements to a statement "describing any act of sexual contact performed with or on the child by another . . . ." M.R.E. 803(25). This language may be broad enough to include statements by the victim of threats by the alleged assailant to procure her silence since such statements could be considered an integral part of the story of the crime, necessary for the jury to fully understand the proof. *See Hurns v. State,* 616 So. 2d 313, 321 (Miss. 1993) (quoting *Wheeler v. State,* 536 So. 2d 1347, 1352 (Miss. 1988)). However, we do not find the language of the rule broad enough to encompass statements made by the victim concerning specific events of spousal abuse related by the victim.

Additionally, the admissibility of evidence of spousal abuse in rebuttal for the sole purpose of impeaching Veasley's denials that he ever engaged in such activity appears to run afoul of strictures against the introduction of extrinsic evidence to impeach a witness on a collateral issue.

Therefore, many courts maintain the safeguarding rule that a witness may not be impeached by producing extrinsic evidence of "collateral" facts to "contradict" the first witness's assertions about those facts. A matter is "collateral" if the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness.

1 John W. Strong et al., *McCormick on Evidence* 45 at 169 (4th ed. 1992).

The sole issue, as we have already observed, regarding incidents of spousal abuse involve those that can, in some manner, be shown to affect the victim's alleged decision to take her stepfather's threats of physical harm seriously enough to maintain silence. Any incidents of spousal violence not directly probative on this issue would be collateral and not the proper subject of extrinsic evidence such as was introduced by the State in rebuttal.

## II.

### Admissibility of Evidence of Uncharged Incidents of Abuse

The defendant's claim that evidence of prior incidents of sexual misconduct involving the victim were not admissible under Rule 404(b) is without merit under the rule of *Wilson v. State,* 515 So. 2d 1181 (Miss. 1987). In *Wilson*, the court held that testimony concerning "substantially similar prior sexual acts with the same person, that is sexual acts of the same general type as those charged in the indictment" is probative of the issue. *Id.* at 1182. This evidence is admissible to "show appellant's lustful, lascivious disposition toward his particular victim, especially where, as here, the victim was under the age of consent." *White v. State,* 520 So. 2d 497, 500 (Miss. 1988).

## III.

The Weight of the Evidence

It is unnecessary to address the issue concerning the weight of the evidence since we are reversing for a new trial on other grounds.

**THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND SOUTHWICK, JJ., CONCUR. PAYNE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION.**

**7/1/97**
**IN THE COURT OF APPEALS**

**OF THE**

**STATE OF MISSISSIPPI**

**NO. 95-KA-00367 COA**

*HERMAN VEASLEY A/K/A HERMAN*

*VEASLEY, JR., A/K/A "JUNE" APPELLANT*

*v.*

*STATE OF MISSISSIPPI APPELLEE*

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

PAYNE, J., CONCURRING IN PART, DISSENTING IN PART:

I agree with the majority on those issues which they affirm. I disagree, however, with the majority's decision to reverse the trial court on the ground that the judge failed to make an on the record finding that the child is a child of tender years. It escapes me as to how the majority can reach such a conclusion while at the same time quoting from the record the trial judge's explanation of why he considers the child to be of tender years. As the majority points out, the judge looked to the rules and found that "[m]any jurisdictions limit their analogous exceptions to declarants under the age of fourteen." M.R.E. 803(25) cmt. Granted, the comment goes on to state that rule 803(25) should not be necessarily limited to a specific chronological age, but it does not state that a judge must jump through evidentiary hoops to determine if a child is of tender years. *Id.* It seems apparent from the

language of the rule that the portion concerning tender years is a determination which is left to the discretion of the judge. Rule 803(25) does provide that a judge must conduct a hearing to determine indicia of reliability, but the rule says nothing about making specific on the record findings to support a conclusion that the child is one of tender years.

In the present case, the judge looked to the comments for guidance and concluded from the language of the note that a thirteen- year-old child does fit within the tender years age range. I do not see how we can fault the judge for this determination as the majority correctly points out that our case law gives trial courts very little instruction on what age range the "tender years" actually encompasses. I am not sure what more the majority expects the judge to do in making this determination. It would seem that any worry that one might have about a trial judge making a mistake in concluding that a child is one of tender years would necessarily be evident when the hearing to determine indicia of reliability was conducted. After all, the factors that are considered in determining indicia of reliability include such considerations as motive to lie, general character of the declarant, the age or maturity of the declarant, and whether the declarant's age, knowledge, and experience make it unlikely that the declarant fabricated. M.R.E. 803(25) cmt.