908 So.2d 889 (2005)
Bobby ALLRED, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-00946-COA.
Court of Appeals of Mississippi.
August 16, 2005.
Merrill K. Nordstrom, attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
*890 Before BRIDGES, P.J., CHANDLER and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Bobby Allred was convicted in the Circuit Court of Union County for three counts of sexual battery. He was subsequently sentenced to serve seventy-five years in the custody of the Mississippi Department of Corrections. Feeling aggrieved of the judgments against him, Allred appealed. Finding no error, we affirm.

FACTS
¶ 2. On July 16, 2002, Department of Human Services investigator for Union County, Jeanie Smith, was contacted by Ben Creekmore, a local attorney. Creekmore indicated to Smith that the parents of C.H. wanted to discuss possible allegations of sexual abuse made by their daughter, C.H. Smith was told by the mother that C.H. had informed her that she had been sexually abused by Bobby Allred.
¶ 3. Ms. Tomiko Mackey, a licensed clinical social worker employed at the Family Crisis Services Center in Oxford, Mississippi, interviewed C.H. on July 17, 2004. During that interview C.H. stated that she had been raped on three separate occasions by Allred. C.H. alleged that two of these assaults occurred at Allred's home, while one assault occurred in his car. In each instance, C.H. indicated to Mackey that her vagina was penetrated by Allred's penis. C.H. also illustrated what had occurred by using anatomical drawings of genitalia. C.H. was twelve at the time of the assaults. In November 2002, Allred was indicted for sexual battery pursuant to Mississippi Code Annotated § 97-3-95(d) (Rev.2000).
¶ 4. Mackey testified at trial that C.H. informed her during the session that the first two incidents occurred during the months of November or December of 2001. C.H. also related that the third assault occurred in May of 2002. Mackey further testified that the statements of abuse were, in her opinion, reliable and consistent with the statements of other children of similar age who had been sexually abused.
¶ 5. At the conclusion of the prosecution's case-in-chief, Allred moved for a directed verdict. The motion alleged that the dates of the crimes alleged in the indictment were too vague to allow him to properly pursue any possible alibi defense. The trial court denied the motion. Allred testified at trial that he never sexually assaulted or raped C.H. Furthermore, Allred denied the allegation that he had provided the girl with vodka prior to the second alleged incident. Allred also testified that C.H. had threatened that she would "get even" with him after he banned her from visiting his granddaughter, who was C.H.'s best friend.
¶ 6. After trial on the merits, Allred was found guilty and sentenced to seventy-five years in the custody of the Mississippi Department of Corrections. Aggrieved by this verdict, Allred asserts the following errors on appeal: (1) whether the indictment was so vague and ambiguous as to the dates of the alleged incidences that it did not permit the defendant to adequately prepare a defense; (2) whether the trial court erred in determining that C.H. was a child of "tender years" and that her statement was reliable; and (3) whether the weight of cumulative errors by the trial court warrants reversal.

ISSUES AND ANALYSIS

I. Whether the indictment was so vague and ambiguous as to the dates of the alleged incidences that it did not permit the defendant to adequately prepare a defense.
¶ 7. Allred asserts on appeal that the trial court erred when it denied his *891 motion for directed verdict for the allegedly vague date of the crime as stated in the indictment. When considering a motion for directed verdict or for judgment notwithstanding the verdict the proper inquiry is "whether the evidence shows `beyond a reasonable doubt the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" Bush v. State, 895 So.2d 836 (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). However, a court must not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt." Bush, 895 So.2d at 843 (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (citations omitted)(emphasis in original)). Rather, the appropriate inquiry for the court is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. (citing Jackson, 443 U.S. at 315, 99 S.Ct. 2781). Therefore, evidence will be deemed sufficient if "a review of the evidence reveals that it is of such quality and weight that `having in mind the beyond a reasonable doubt burden of proof standard, reasonable fair-minded men in the exercise of impartial judgment might reach different conclusions on every element of the offense.'" Bush, 895 So.2d at 843 (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)).
¶ 8. Count one and count two of the indictment against Allred state that the two incidences of sexual battery occurred "on or about the months of November and December 2001." Count three of the indictment states that the alleged incident "occurred on or about the month of May 2002." According to Allred, these approximate dates were too vague and ambiguous to allow him to prepare a proper alibi defense. "An indictment serves to alert the defendant of the charge against him." Ishee v. State, 799 So.2d 70, 76 (¶ 18) (Miss.2001) (citing Westmoreland v. State, 246 So.2d 487, 489 (Miss.1971)). The sufficiency of indictments has been addressed statutorily in Mississippi Code Annotated § 99-7-5 (Rev.2000) as follows:
An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a perfect venue.
Rule 2.05 of the Uniform Criminal Rules of Circuit Court states that "[a]n indictment shall contain . . . [t]he date and if applicable the time, on which the offense was alleged to be committed. Failure to state the correct date shall not render the indictment insufficient."
¶ 9. In Wilson v. State, 515 So.2d 1181 (Miss.1987), the defendant was convicted of the capital rape of his seven-year-old stepdaughter. The indictment in Wilson alleged that the rape was committed on or about the 13th day of May 1985. Wilson, 515 So.2d at 1182. At trial, the defendant presented an alibi for the May 13th; however, the state presented evidence that the rape may have occurred on May 13th or 14th. Id. The Wilson court noted that "in cases of this nature, it is important that a defendant be given the specific date or dates of the alleged acts if at all possible." Id. at 1183 (citing Van Norman v. State, 365 So.2d 644 (Miss.1978)). However, the court affirmed the conviction upon finding *892 that Wilson had failed to raise a credible claim of unfair surprise or prejudice, or seek a continuance or any other remedy. Id.
¶ 10. We note that Allred had some fifteen months to prepare a defense to the charges against him. Neither he nor his counsel attempted to attack the sufficiency of the notice in the indictment or its accuracy prior to trial. We find that the indictment, despite its lack of singular dates for each alleged assault, adequately informed Allred that he was charged with sexual battery and allowed him to prepare any possible defense. See Barnes v. State, 906 So.2d 16 (¶ 12) (Miss.Ct.App.2004) (upholding the sufficiency of a fondling indictment that was amended to a three-month window for the period of time in which the offense occurred). We therefore find that this issue is without merit.

II. Whether the trial court erred in determining that C.H. was a child of "tender years" and that her statement was reliable.
¶ 11. Allred next asserts that the trial court erred in finding that C.H. was a child of tender years and that therefore the tender years exception to the hearsay rule applied at trial. Rule 803(25) of the Mississippi Rules of Evidence states:
Tender Years Exception. A statement made by a child of tender years describing any act of sexual contact performed with or on the child by another is admissible in evidence if: (a) the court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide substantial indicia of reliability; and (b) the child either (1) testifies at the proceedings; or (2) is unavailable as a witness: provided, that when the child is unavailable as a witness, such a statement may be admitted only if there is corroborative evidence of the act.
Allred argues that a rebuttable presumption arises that a child is of tender years who is under the age of twelve. Davis v. State, 878 So.2d 1020 (¶ 18) (Miss.Ct.App.2004) (citing Veasley v. State, 735 So.2d 432, 436 (¶ 16) (Miss.1999)). Allred argues that since C.H. was thirteen years old at the time of the trial, no rebuttable presumption existed.
¶ 12. We start by noting that no mention was made in the record that the trial court applied rebuttable presumption whatsoever, and that the trial court properly conducted a Rule 803 hearing outside of the presence of the jury. In Veasley v. State, the court held that:
Where an alleged sexual abuse victim is twelve or older, there is no such presumption and the trial court must make a case by case determination as to whether the victim is of tender years. This determination should be made on the record and based on a factual finding as to the victim's mental and emotional age.
735 So.2d at 437 (¶ 16).
¶ 13. We find that, despite C.H.'s age of thirteen, the determination of sufficient indicia of reliability was properly made pursuant to the Rule 803 hearing, which was replete with testimony regarding C.H.'s mental and emotional age. See Hayes v. State, 803 So.2d 473, 478 (¶ 11) (Miss.Ct.App.2001), (affirming the trial court's finding that the tender years exception applied in a case where the victim was thirteen at the time of the rape), and Knight v. State, 751 So.2d 1144, 1152 (¶ 20) (Miss.Ct.App.1999), (upholding the trial court's application of the tender years exception where the child was thirteen when she told her mother she was being abused). We find the foregoing assignment of error to be without merit.

*893 III. Whether the weight of cumulative errors by the trial court warrants reversal.
¶ 14. For the reasons stated in this opinion, this issue is without merit.
¶ 15. THE JUDGMENT OF THE UNION COUNTY CIRCUIT COURT OF CONVICTION OF THREE COUNTS OF SEXUAL BATTERY AND SENTENCE OF SEVENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.