## McClellan *v.* State.

(Division B.   Nov. 7, 1938.)

[184 So. 307.   No. 33233.]

**Dees Stribling,** of Philadelphia, and **Henry Lee Rodgers,** of Louisville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

188

Argued orally by **Henry Lee Rodgers**, for appellant, and by **W. D. Conn, Jr.**, for the State.

**McGehee, J.**, delivered the opinion of the court.

Appellant was jointly indicted, in the Circuit Court of Neshoba County, with Jack Oglesby and Woodrow Hardy, for the murder of Kirby Quinn. He was tried separately, convicted of manslaughter and sentenced to serve a term of ten years in the state penitentiary. From this judgment and sentence of the court he appeals, and assigns as error: (1) The action of the court below in overruling his application for a continuance of the case;

(2) the admission of certain statements made by a co-defendant, out of the hearing of the appellant, and also statements made by the appellant to a third party, shortly prior to the difficulty in which the killing occurred; and (3) the giving of an instruction for the State to the effect that if the jury believed that any witness had "wilfully and corruptly sworn falsely to any material matter in the case" the testimony of such witness might be disregarded altogether. A number of other alleged errors are assigned but they are without sufficient merit to require any response thereto.

The assignments of error above enumerated will be considered in their order.

The indictment was returned at the September, 1937, term, but the case was not tried until the following February. In the meantime, the appellant wrote to the circuit judge of the district, in vacation, stating his inability to pay the attorneys whom he had chosen to represent him and requested the court to then appoint said attorneys as authorized by statute, in vacation, in order that they might prepare his case for trial. In his letter he stated that the two attorneys referred to "have been faithful in their preparation of the case and . . . are willing to proceed with the case provided the court will appoint them to make my defense." At the following term of court these attorneys were appointed and on February 7, 1938, filed the application for a continuance, stating among other things that although they had done a great deal of work on the case they did not have sufficient time to interview the necessary witnesses and get ready for trial. The court thereupon set the case for trial on February 17th and a special venire was summoned to appear on that date, when the case proceeded to trial without any further showing having been made that the attorneys had in fact been unable in the meantime to prepare for trial. It was not shown that any material or other witness was unavailable, and the only reason here argued as to why the continuance

should have been granted·was the fact that the ten additional days intervening between the setting of the case and the date of trial was an insufficient time to interview witnesses and prepare for the defense of the case. A mere statement of the proposition is a sufficient answer to this assignment of error. Section 1275 of the Code of 1930 provides that "all indictments shall be tried at the first term, unless good cause be shown for a continuance." To hold that ten days is insufficient time to prepare a criminal case for trial where it is not shown that the witnesses are unavailable would mean that a capital case could rarely ever be tried at the term during which an indictment is returned, and especially where there are civil cases to be heard during the term either before or subsequent to the trial of the docket of criminal cases. A compliance with the statute referred to would make for a more efficient administration of justice. The failure to comply therewith is all too frequent.

It is next urged that the court below erred in permitting the State to show that one of the co-defendants, Jack Oglesby, had abused the deceased at about the time a dance had "broken up," on account of the deceased's failure or refusal to play another piece of music, and also in admitting a statement of the appellant to one Mose Alford because Alford had intervened to make Jack Oglesby leave the room. Oglesby is a brother-in-law of the appellant and was shown to have been drunk or drinking at the time. The statements complained of had a tendency to show that the appellant was taking sides with Oglesby to the extent above mentioned, and also tended to shed light upon the subsequent events transpiring on the road within a few minutes after the dance was over when the deceased was killed by the appellant in the presence of Oglesby and others. We think that the testimony was admissible under the cases of Cartee v. State, 162 Miss. 263, 139 So. 618; McCormick v. State, 159 Miss. 610, 132 So. 757; Schrader v. State, 84 Miss. 593, 36 So. 385; and Spivey v. State, 58 Miss. 858. More-

over, if the jury was not entitled to have the benefit of the previous occurrences in passing on the testimony as to who was the aggressor in the main difficulty as being statements tending to throw some light thereon, they were of no consequence anyway, and could not have been prejudicial to the appellant.

As to the error complained of in the instruction referred to, wherein the word *knowingly* was omitted in the phrase "wilfully and corruptly swore falsely," we are of the opinion that the words "wilfully and corruptly" mean that the testimony was given with an evil purpose; that it was intentionally and corruptly given; and that it was therefore "knowingly" done, since one cannot "wilfully and corruptly" do a thing without knowingly doing it. Then too, it was expressly held in Turner v. State, 95 Miss. 879, 50 So. 629, that "it is not thinkable that a man can willfully and corruptly swear falsely without also 'knowingly' swearing falsely;" and it was stated in McClure v. State, 157 Miss. 800, 128 So. 764, that the words "wilfully" and "falsely" were equivalent to "knowingly" and "falsely." Therefore, the words used in the instruction in the present case are equivalent to "wilfully, knowingly and corruptly."

As to the sufficiency of the proof to sustain the conviction, there was ample evidence to warrant the jury in finding that the appellant was the aggressor in the difficulty and that he shot and killed the deceased when they were several steps apart, and at a time when he was in no danger, either real or apparent, at the hands of the decesed.

The judgment and sentence of the court below must therefore be affirmed.

Affirmed.