GARNER *v.* STATE.

(In Banc.   May 5, 1947.)

[30 So. (2d) 413.   No. 36434.]

**H. T. Carter,** of Columbus, and **Neal Prisock,** of Louisville, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Garner was convicted of the murder of Barron Thomas and sentenced to be electrocuted.

On this appeal he assigns seven errors he claims the lower court committed. We have carefully examined all of them. Only two are sufficiently serious to require discussion.

One was the action of the trial judge in refusing to continue the case for the term. The motion contains two grounds: One is that the accused was placed in jail and not permitted to confer with friends and relatives and arrange for his defense. The proof does not bear out that contention. On the other hand, it shows that he was permitted to, and did, confer freely with his father and sister, and no request was made by him to see an attorney, and,

of course no such request being made, there was no denial of such request.

The second, and main ground of the motion was counsel for appellant did not have time in which to prepare his case. The crime was committed July 14, 1946. Garner was indicted October 21, 1946. That day he employed two attorneys to represent him. They promptly made the motion under consideration. While the trial judge refused to continue the case until the next term of court, he did set the case for trial seven days after hearing the motion. There is no showing this was not ample time for preparation of his case. In fact, the record shows it was well prepared. All of the testimony centered around one place and one occasion. All witnesses who were at the scene were available to both the State and the defendant. Apparently they all testified. It is not shown that any material witness, or any witness desired by appellant, was not present to testify. So far as the record discloses the rights of appellant were fully protected and he had a fair and impartial trial. Under these conditions we would not be justified in reversing the action of the judge in refusing to continue the case until the next term of court. Section 2518, Code 1942; Goins v. State, 155 Miss. 662, 124 So. 785; McClellan v. State, 183 Miss. 184, 184 So. 307.

The second alleged error we shall discuss was the admission by the court of a statement by the witness Doss that Thomas, after he was shot and after appellant had left the scene, said, ''What they want to shoot me for?'' Appellant says this statement, by its nature and the time spoken as compared to the time of the shooting, was not a part of the res gestae (Haney v. State, 129 Miss. 486, 92 So. 627), and was not a dying declaration, and, therefore, not competent. The record is confusing as to the exact time, as compared to the time of the shooting, this statement was made. The trial judge thought it was made immediately thereafter. However, it is not necessary for us to decide whether the statement was a part

of the res gestae, for the reason that appellant's own testimony clearly shows he was guilty of murder. In such case, an error of the character here under consideration, if there was error, is not prejudicial. Comings v. State, 163 Miss. 442, 142 So. 19.

Affirmed, and Thursday, June 26, 1947, is set for the date of execution.