C.L. MANDERSON, II, Plaintiff,

v.

CECO CORPORATION, d/b/a Mitchell Engineering Company, Defendant.

No. EC83–133–NB–D.

United States District Court,
N.D. Mississippi, E.D.

June 27, 1984.

C.E. Morgan, III, Kosciusko, Miss., for plaintiff.

Dudley H. Carter, Columbus, Miss., for defendant.

## MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came on for hearing on plaintiff's motion for partial summary judgment as to Count One of the complaint and the defendant's cross motion for summary judgment as to all counts of the complaint. Having read and considered the motions

submitted by the parties, together with the pleadings, exhibits, depositions and affidavits, the court is now in a position to dispose of the issues raised by such motions.

This court has jurisdiction under 28 U.S.C. § 1332 (1966) since there is complete diversity of citizenship and the amount in controversy exceeds $10,000.00.

This is an action by C.L. Manderson, II, a Mississippi resident, against Ceco Corporation, a Delaware corporation doing business in Mississippi as Mitchell Engineering Company.

This action arose from the following undisputed facts. The defendant, Mitchell Engineering Company (Mitchell), sold a metal frame building on credit to S.L. Bailey Company, Inc. (Bailey, Inc.). Mr. S.L. Bailey, Jr., owner of Bailey, Inc., guaranteed the purchase price in his individual capacity. Although Bailey, Inc. was unable to pay for the structure in accordance with the credit terms, Mitchell filed no lien at that time on the building. Bailey, Inc. erected the building on corporate realty and eventually conveyed this realty and building to the plaintiff, Manderson. Both Bailey, Inc. and Mr. S.L. Bailey, Jr. declared bankruptcy without satisfying the debt to Mitchell. Thereafter, upon the advice of counsel, Mitchell filed a construction lien against the building now owned by Manderson and used as business rental property. Subsequent to the filing of the lien, it is alleged that two representatives of Mitchell advised Manderson's lessees that the building was not paid for and warned them against making further rental payments. It is further alleged that the lessees' rental payments, which previously were prompt, began to be untimely. Manderson denied any liability on the lien and never paid any amount to Mitchell; however, Mitchell subsequently canceled the lien showing full satisfaction. Manderson then filed suit seeking the following relief: (1) statutory damages for a violation of Miss.Code Ann. § 85–7–201 (1972) by the filing of a false construction lien; (2) damages for willful and malicious interference with plaintiff's business relationship with

his lessee; (3) punitive damages for defendant's failure to rectify his allegedly false filing; and (4) damages equal to plaintiff's attorney fees in this action.

### COUNT ONE

Miss.Code Ann. § 85–7–201 (1972) provides as follows:

> Any person who shall falsely and knowingly file the notice mentioned in section 85–7–197 without just cause shall forfeit to every party injured thereby the full amount for which claim was filed, to be recovered in any action by any party so injured at any time within one year from such filing; and any person whose rights may be adversely affected may apply, upon two days' notice, to the chancery court or to the chancellor in vacation, or to the county court, if within its jurisdiction, to expunge; whereupon proceedings with reference thereto shall be forthwith had, and should it be found that the claim was improperly filed rectification shall at once be made thereof.

Although this section of the Mississippi code became law in 1928, the statutory provisions have never been interpreted by the Mississippi Supreme Court. *Cf. Hicks v. Greenville Lumber Co.*, 387 So.2d 94, 96–97 (Miss.1980) (discussion of statute of limitations contained in statute). This being a case of first impression, a Federal court sitting in diversity must wager an "Erie guess" as to the Mississippi Supreme Court's interpretation of the terms "falsely and knowingly" and "without just cause" as used in the statute. *See Bernhardt v. Polygraphic Company of America*, 350 U.S. 198, 209, 76 S.Ct. 273, 279, 100 L.Ed.2d 199, 208 (1955) (Frankfurter, J., concurring).

■ Initially, it should be noted that this statute is penal in nature, inasmuch as it "makes a wrong-doer liable to the person wronged for a fixed sum without reference to the damage inflicted by the commission of the wrong. . . ." *State ex rel. Rogers v. Newton*, 191 Miss. 611, 623–24, 3 So.2d 816, 818 (1941). One seeking to recover under a penal statute must bring his case clearly

within the statute's terms. *See W.T. Raw-leigh Co. v. Hester,* 190 Miss. 329, 339, 200 So. 250, 253 (1941); *see also* 70 C.J.S. *Penalties* § 15(e)(1) (1955). Thus, Manderson must clearly prove that Mitchell filed the construction lien "falsely, knowingly, and without just cause."

■ "Knowingly" has been defined by the Mississippi Supreme Court as importing a "knowledge of the act or thing so done, as well as an evil intent or a bad purpose in doing such thing." *Beale v. Yazoo Yarn Mill,* 125 Miss. 807, 815, 88 So. 411, 414 (1921). Furthermore, "knowingly" is usually held by the Mississippi Supreme Court to be synonymous with "willfully," *see, e.g., Mason v. State,* 32 So.2d 140, 141, not reported in the State Reports (1947), *McClellan v. State,* 183 Miss. 184, 191, 184 So. 307, 309 (1938); accordingly, any definition by the Mississippi Supreme Court of "willfully" aids in statutory interpretation. In *Mississippi State Board of Dental Examiners v. Mandell,* 198 Miss. 49, 65, 21 So.2d 405, 409 (1945), "willful" in a penal statute was defined as "with a bad purpose, an evil purpose, without ground for believing the act to be lawful...." Thus, in a penal statute such as the one at bar, the court concludes that a "knowing" violation consists of an act done with an evil or bad purpose.

■ Clearly, Mitchell has not "falsely, knowingly, and without just cause" violated Miss.Code Ann. § 85–7–201 (1972) in the present case. The construction lien was not filed with a bad or evil purpose; instead, such filing was done on an attorney's advice and was therefore "with just cause." *Cf. Pulliam v. Ott,* 246 Miss. 739, 747, 150 So.2d 143, 146–47 (1963) (advice of counsel a complete defense to malicious prosecution action). The statute obviously is intended to punish the malicious filing of a construction lien with no basis whatsoever. In the case at bar, Mitchell acted in good faith on the advice of counsel in attempting to protect his interests through the filing of a possible lien against the property in issue. Any other statutory construction would place a claimant in the untenable position of being forced to choose between a forfeiture of his rights through non-filing or a lawsuit if such filing proved erroneous, no matter how honestly and sincerely done. The court declines to accept such a construction of this statute.

Accordingly, Manderson's motion for a partial summary judgment is denied and the motion of Mitchell for a summary judgment on this issue is granted.

### COUNTS TWO, THREE AND FOUR

With respect to Counts Two, Three and Four, the pleadings and supporting documents establish that there exist genuine issues as to material facts. Accordingly, the defendant's motion for summary judgment on these counts is not well taken.