# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-KA-00427-SCT

*ZACHARISE PAGE a/k/a ZACKERISE PAGE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/23/2006 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL DUANE MITCHELL |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: STEPHANIE BRELAND WOOD |
| DISTRICT ATTORNEY: | ANTHONY J. BUCKLEY |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/18/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT**:

¶1.     After the defendant was convicted of conspiracy to commit drive-by shooting, drive-by shooting, and murder, his counsel failed to file post-trial motions for a new trial or judgment notwithstanding the verdict. The defendant is thus procedurally barred from raising on direct appeal the issues which should have been raised in the trial court.

## BACKGROUND FACTS AND PROCEEDINGS

¶2.     Zacharise Page, a/k/a Zackerise Page, Johnny White, and others attended a party at the Twenty Grand, a nightclub in Laurel. While at the club, Page got into a fight. There was conflicting testimony concerning whether the victim, Antoine Clanton, participated in the

fight. Page testified that Clanton had had no part in the fight and was not carrying a gun, while White testified that Clanton had participated in the fight and had pointed a gun in Page's face.

¶3. After the altercation, White drove to Queensburg, Mississippi, where men in a white Suburban blocked his vehicle and began shooting at him. White then traveled to the Hoy community, where he met Page and others. After discussing the altercation at the club and the incident in Queensburg, Page and others retrieved their guns, and five or six carloads of people traveled to South Laurel.

¶4. After arriving in Laurel, they drove in the area around South Fourth Street, where White spotted the same men who had blocked him with the white Suburban, and who had shot at him in Queensburg. When the men started shooting, Page – without looking or aiming – returned fire by putting his gun out of the window and firing in their general direction. One of the bullets struck Clanton in the upper chest, killing him. A test revealed gunshot residue on Clanton's hands.

¶5. During their investigation, Laurel Police identified Page as a suspect. After waiving his rights to silence and counsel, Page admitted that he had shot from the car, but denied shooting Clanton. Page led officers to his residence, where he retrieved his gun and turned it over. The gun was a highpoint, .380 caliber handgun, serial number 909628. Bryan McIntire of the Mississippi Crime Laboratory, testified that Clanton was killed by a round fired from Page's gun.

¶6. Page proceeded to trial on charges of conspiracy to commit drive-by shooting, drive-by shooting, and murder. Although he moved for a directed verdict at the close of the State's

2

case-in-chief, Page failed to present post-trial motions for a new trial or for judgment notwithstanding the verdict.

## ANALYSIS

¶7.     Page raises two issues on appeal: (1) Did the lower court err when failing to direct a verdict of acquittal on the charge of murder and allowing the jury to consider the charge of manslaughter; (2) did the lower court err in failing to direct a verdict of acquittal on the charge of conspiracy?

¶8.     Page failed to renew his request for directed verdict at the close of the evidence, and he failed to present post-trial motions for a new trial or for judgment notwithstanding the verdict.

¶9.     To preserve the issue of denial of a directed verdict, the defense must move for directed verdict at the close of the State's case-in-chief. *Wright v. State*, 540 So. 2d 1, 3 (Miss. 1989) (citing *Harris v. State*, 413 So. 2d 1016, 1018 (Miss. 1982)).  If a motion for directed verdict is denied and the defendant introduces evidence on his own behalf, the defendant must renew his motion for directed verdict at the close of all evidence. *Id*.

¶10.    In the case *sub judice*, Page moved for a directed verdict at the close of the State's case-in-chief.  This motion was denied.  Page then presented evidence on his own behalf. At the conclusion of all evidence, Page did not renew his motion for directed verdict.  Only after the jury was instructed and the case was submitted to them did Page attempt to renew his motion for directed verdict.  Therefore, he failed to preserve the issue of the trial court's denial of his motion.

¶11.    In addition, the record does not contain a motion for judgment notwithstanding the verdict or a motion for new trial.  This Court cannot consider matters not included in the record.  *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973).  It was Page's duty to "see to it that the record contained all data essential to an understanding and presentation of matters relied upon for reversal on appeal."  *Id*.

¶12.    Page's appellate counsel failed to  raise the issue of ineffective assistance of Page's trial counsel.  Thus, such issue may not be addressed in this direct appeal.

### CONCLUSION

¶13.    Finding all issues Page raised on appeal to be procedurally barred, this Court cannot address them.  Accordingly, Page's convictions are affirmed.

¶14.    **COUNT I: CONVICTION OF CONSPIRACY TO COMMIT A DRIVE BY SHOOTING AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  SENTENCE IN COUNT I SHALL RUN CONSECUTIVELY WITH SENTENCE IN COUNT III.  COUNT II:  CONVICTION OF DRIVE BY SHOOTING AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.  SENTENCE IN COUNT II SHALL RUN CONSECUTIVELY WITH SENTENCE IN COUNT I. COUNT III: CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR.**