# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2011-KA-01627-SCT

*RANDY KEITH PAULEY a/k/a RANDY K.*
*PAULEY, JR., a/k/a RANDY PAULEY a/k/a RANDY*
*KEITH PAULEY, JR.*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/14/2010 |
| TRIAL JUDGE: | HON. VERNON R. COTTEN |
| COURT FROM WHICH APPEALED: | NESHOBA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 05/23/2013 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DICKINSON, P.J., LAMAR AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     After a jury trial in the Circuit Court of Neshoba County, Randy Keith Pauley was

convicted of malicious mischief and sentenced to five years in the custody of the Mississippi

Department of Corrections (MDOC) and to pay a fine, restitution, and court costs. He

appeals, arguing that (1) the trial court erred in sustaining the State's hearsay objection; (2)

the trial court's denial of a continuance constituted an abuse of discretion, or, alternatively,

he received ineffective assistance of counsel; (3) the trial court erred in sustaining the State's

relevance objections; (4) the trial court erred in sustaining the State's objection to his redirect examination of Alicia Littlefield; (5) the indictment was fatally defective; and (6) he was entitled to a jury instruction on insanity. Finding no error, we affirm.

## FACTS

¶2. Pauley and his wife, Alicia, lived in the Laurel Hill area of Neshoba County, Mississippi. When Pauley and Alicia separated in July 2009, Pauley moved out. In September 2009, Alicia and her paramour, Doug Littlefield, began living together in Pauley's former home, and they married after Pauley and Alicia were divorced. Littlefield kept his Peterbilt semi tractor/trailer truck parked in the driveway. On the afternoon of January 24, 2010, Pauley went to the home armed with a pistol. He fired nine shots into Littlefield's truck. Littlefield and Alicia were inside the house and witnessed the shooting from the window. A neighbor also witnessed the shooting and identified Pauley at the trial. Littlefield testified that the bullets had damaged the passenger-side window and door, the passenger-side fuel tank, a tire, an air line, the fan clutch, and the turbo. Repairs to the truck cost $14,082, plus a $749 towing fee. Pauley testified in his own defense, and admitted that he had shot the truck nine times because he was angry and upset.

## DISCUSSION

I. WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE STATE'S HEARSAY OBJECTION.

¶3. Alicia testified for the defense. During direct examination, defense counsel asked Alicia whether she knew that Pauley had said that Littlefield had stolen some of his tools. The State objected on the basis of hearsay, and the trial court sustained the objection. Pauley

2

argues that trial court erred because his statement was not hearsay because it was not offered for its truth. This Court reviews the trial court's admission or exclusion of evidence for abuse of discretion. *Jenkins v. State*, 102 So. 3d 1063, 1065 (Miss. 2012). Further, "error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected . . . ." M.R.E. 103(a).

¶4.     Pauley correctly argues that his statement did not constitute hearsay. Mississippi Rule of Evidence 801(c) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." M.R.E. 801(c). Pauley's statement that Littlefield had stolen his tools was not offered to prove that Littlefield had, in fact, stolen his tools, but rather that Pauley had harbored the belief that Littlefield had stolen his tools. Therefore, the statement was not hearsay, and the trial court erred by excluding the testimony. However, Pauley's substantial rights were not affected by the exclusion of the testimony because it was cumulative of Pauley's own testimony that he had believed Littlefield had stolen some of his tools. Therefore, no reversible error occurred.

> ## II. WHETHER THE TRIAL COURT ERRED BY DENYING PAULEY'S MOTION FOR A CONTINUANCE, OR, ALTERNATIVELY, WHETHER PAULEY RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

*A. Denial of a Continuance*

¶5.     Pauley was indicted on May 4, 2010. On May 10, 2010, a public defender, Christopher Collins, was appointed to represent Pauley. The trial was set for July 14, 2010, and on that date, Pauley appeared in court with Collins. However, Collins informed the court that Pauley had told him that he was represented by private counsel, John McNeal. At that

3

point, the trial court heard testimony from Pauley, who stated that, in March, he had hired McNeal to represent him on several matters including the malicious-mischief charge, and that McNeal had told him this case would be continued until the November term. The trial court contacted McNeal, who informed the court that he did not represent Pauley on the malicious-mischief charge, but only on two misdemeanor charges.

¶6.     Then, Collins informed the court that he planned to defend the case on the theory that Pauley's Type 1 diabetes had rendered him temporarily insane at the time of the shooting. He stated that, in order to fully and meaningfully defend Pauley, he would need to raise a temporary insanity defense, which required ten days' notice to the State. *See* URCCC 9.07.[1]

---

[1] Rule 9.07 provides, in pertinent part:

If a defendant intends to rely upon the defense of insanity at the time of the alleged crime, the defendant shall, within the time provided for filing pretrial motions or at such later time as the court may direct, serve upon the prosecuting attorney and the clerk of the court a written notice of the intention to offer a defense of insanity. If there is a failure to comply with the requirements of this subsection, the court may use such sanctions as it deems proper, including:

> 1. Granting a continuance, and, in its discretion, assessing costs against the appropriate attorney or party;
>
> 2. Limiting further discovery of the party failing to comply;
>
> 3. Finding the attorney failing to comply in contempt; or
>
> 4. Excluding the testimony of appropriate witnesses.

The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other order as may be appropriate.

Within ten days thereafter, but in no event less than ten days before the trial

Collins also requested that the trial court issue a subpoena for Pauley's treating physician. The prosecutor objected to the insanity defense due to the lack of notice, and Collins moved for a continuance. The court refused to allow Pauley to raise the insanity defense because he had not afforded the State ten days' notice and denied Pauley's motion for a continuance.

¶7. Pauley argues that the denial of a continuance prejudiced him because he was barred from raising the insanity defense. The decision to grant or deny a motion for continuance rests within the trial court's sound discretion. ***Harden v. State***, 59 So. 3d 594, 601 (Miss. 2011). We will not reverse the denial of a continuance unless it resulted in manifest injustice. ***Id.***

¶8. The record is silent on when Pauley (mistakenly) told Collins that he had secured private counsel. However, the record indicates that on the morning of trial, Pauley told Collins that he had private counsel. Pauley's counsel of record was Collins, and Collins appeared for trial, indicating that he believed that he represented Pauley. Also, the prosecutor informed the trial court that Collins had met with another representative of the district attorney's office to discuss a continuance on the previous Monday.[2] Nonetheless, Collins did not raise the insanity defense ten days before trial as required by Uniform Rule of Circuit and County Court Practice 9.07. Instead, Collins attempted to secure a continuance to enable him

---

unless the court otherwise directs, the defendant shall serve upon the prosecuting attorney the names and addresses of the witnesses upon whom the defendant intends to rely to establish the defense of insanity.

URCCC 9.07.

[2] We take judicial notice that the Monday before Pauley's trial was July 12, 2010. Pauley's trial occurred on Wednesday, July 14, 2010.

5

to raise the defense after the required notice period. The record is silent on why Collins neglected to raise the insanity defense at an earlier time. Collins had more than two months from the time of his appointment to prepare for Pauley's trial. We have held that a defendant was not entitled to a continuance for lack of trial preparation where the attorney had three months to prepare for a capital-murder trial. ***Ruffin v. State***, 992 So. 2d 1165, 1175 (Miss. 2008). And we have found no error in other murder cases "where defense counsel had even less time to prepare." ***Id.*** (citing ***Cole v. State***, 405 So. 2d 910, 911-12 (Miss. 1981); ***Garner v. State***, 202 Miss. 21, 24, 30 So. 2d 413, 414 (1947)).

¶9.     In the absence of record evidence, we cannot assume that Pauley had told Collins not to work on his case. "This Court may not act upon or consider matters which do not appear in the record and must confine itself to what actually does appear in the record." ***Shelton v. Kindred***, 279 So. 2d 642, 644 (Miss. 1973). Further, "[i]t must be presumed that the rulings of the trial court were correct, and such presumption will prevail, unless the actual record supports the contrary view." ***Id.*** Because the record reflects that Collins had an adequate time to prepare for Pauley's malicious-mischief trial, we cannot say that the trial court's denial of a continuance was an abuse of discretion.

¶10.     We note that the trial court went off the record on three occasions during the discussion of the matter of Pauley's representation and the insanity defense.[3] We take this opportunity to encourage trial courts to conduct the proceedings on the record, to enable this Court to consider the matters raised on appeal. If no record is available, the parties may

_____

[3] One of these occasions was to enable the court to take a phone call from McNeal.

prepare an agreed statement of the record on appeal under the procedures set forth in Mississippi Rule of Appellate Procedure 10(d).

*B. Ineffective Assistance of Counsel*

¶11.    With new appellate counsel, Pauley argues that he received ineffective assistance of counsel due to counsel's failure to timely raise the insanity defense. This Court applies the two-prong test from ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to claims of ineffective assistance of counsel. ***Conners v. State***, 92 So. 3d 676, 686 (Miss. 2012).  Under ***Strickland***, the defendant has the burden to show that (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defendant. ***Id.*** The Court of Appeals has held that, when insanity was the sole defense, an attorney's failure to give timely notice to the State of the insanity defense constituted deficient performance.  ***Epps v. State***, 984 So. 2d 1042, 1048 (Miss. Ct. App. 2008).

¶12.    Pauley has raised the issue of ineffective assistance of counsel on direct appeal. Mississippi Rule of Appellate Procedure 22(b) provides:

> Issues which may be raised in post-conviction proceedings may also be raised on direct appeal if such issues are based on facts fully apparent from the record. Where the appellant is represented by counsel who did not represent the appellant at trial, the failure to raise such issues on direct appeal shall constitute a waiver barring consideration of the issues in post-conviction proceedings.

M.R.A.P. 22(b). The comment states:

> Rule 22(b) allows the appellant to raise post-conviction issues on direct appeal where the issues are fully apparent from the record of the trial, and failure to raise such issues constitutes a waiver. Under this provision, issues such as claims of ineffective assistance of counsel for failure to object to evidence offered by the state or to argument by the state must be raised on direct appeal. *Other post-conviction issues which cannot be raised at the time of appeal*

7

*because they involve actions or inaction outside the record are not waived since they cannot practically be raised without further development or investigation.*

M.R.A.P. 22 cmt. (emphasis added).

¶13. "Just because certain 'issues may properly be raised on direct appeal, . . . we still must make a determination as to whether certain issues should be addressed on direct appeal, or be left for another day for post-conviction relief proceedings.'" ***Neal v. State***, 15 So. 3d 388, 405 (Miss. 2009) (quoting ***Havard v. State***, 928 So. 2d 771, 784 (Miss. 2006)). As previously stated, the record is silent on when Pauley notified Collins of his belief that he was represented by private counsel, and on why Collins did not raise the insanity defense until the day of trial. Further, we lack the benefit of any evidence Pauley would have presented in support of his insanity defense, which is relevant to the prejudice prong of the ***Strickland*** test. We find that Pauley's ineffective-assistance-of-counsel claim is better left for post-conviction proceedings. Therefore, we dismiss the issue without prejudice to Pauley's ability to raise it in appropriate post-conviction proceedings.

### III. WHETHER THE TRIAL COURT ERRED IN SUSTAINING THE STATE'S RELEVANCE OBJECTIONS.

¶14. During the direct examination of Alicia, defense counsel asked if Alicia thought Pauley was crazy when he shot the truck, and whether she knew that Pauley was a Type 1 diabetic on an insulin pump. The State made a relevance objection. The trial court sustained the objection because Pauley's questions pertained to the insanity defense, which the trial court had prohibited due to Pauley's noncompliance with Uniform Rule of Circuit and County Court Practice 9.07.

¶15.     Mississippi Rule of Evidence 401 states that "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." M.R.E. 401. With the questions, Pauley sought to elicit testimony that he was mentally compromised at the time of the shooting. Because the trial court had prohibited Pauley from presenting his insanity defense, Alicia's answers to the questions were not relevant. Therefore, the trial court did not abuse its discretion in sustaining the State's relevance objection. Moreover, Pauley's status as a Type 1 diabetic with an insulin pump was revealed during Pauley's own testimony.

> IV.   WHETHER THE TRIAL COURT ERRED BY SUSTAINING HIS OBJECTION TO THE REDIRECT EXAMINATION OF ALICIA LITTLEFIELD.

¶16.     On cross-examination, the State asked Alicia whether she or Littlefield had done anything to incite Pauley to shoot the truck, or whether Littlefield had done anything to cause Pauley to develop such harsh feelings that he shot the truck. Then on redirect, Pauley asked Alicia the following question: "So, Mrs. Littlefield, it's your opinion that you bring another man to live in y'all's marital home wouldn't provoke him to do this?" The State objected on the basis of relevance, and the trial court sustained the objection.

¶17.     Pauley argues that his question was a proper subject of redirect examination because the topic had been covered on cross-examination. It is true that matters brought out on cross-examination are a proper subject of redirect examination. *Payton v. State*, 785 So. 2d 267, 272 (Miss. 1999). Because Pauley's question was on the same topic that had been discussed on cross-examination, the trial court erred by sustaining the State's objection. However, the

9

trial court's error did not substantially prejudice Pauley, because the same information came in through other means. Pauley testified that he shot the truck because he was angry that Alicia and Littlefield would not allow him on his own property. Therefore, the jury was exposed to the notion that Pauley had felt provoked by the actions of Alicia and Littlefield. Pauley is entitled to no relief on this issue.

> V. WHETHER THE INDICTMENT WAS FATALLY DEFECTIVE BECAUSE IT DID NOT INCLUDE THE SIGNATURE OF THE GRAND-JURY FOREMAN.

¶18.    Pauley argues that the indictment was fatally defective because it did not include the signature of the grand-jury foreman as required by Uniform Rule of Circuit and County Court Practice 7.06. *See* URCCC 7.06 (stating that "[a]n indictment shall also include the following: . . . [t]he signature of the foreman of the grand jury issuing it . . ."). The State points out that the record does not contain the second page of Pauley's indictment. It is the appellant's duty to "see to it that the record contained all data essential to an understanding and presentation of matters relied upon for reversal on appeal." *Page v. State*, 990 So. 2d 760, 762 (Miss. 2008) (quoting *Shelton*, 279 So. 2d at 644)). Because the record contains only the first page of the indictment, the Court is unable to determine whether the second page contains the foreman's signature. Because Pauley has failed to ensure that the record contains the document necessary to the Court's review of this issue, he is entitled to no relief.

> VI. WHETHER THE TRIAL COURT ERRONEOUSLY DENIED PAULEY'S JURY INSTRUCTION ON INSANITY.

¶19. Pauley requested a jury instruction on insanity. The trial court refused the instruction, because it had prohibited Pauley from raising the insanity defense due to his failure to timely raise the defense. Pauley argues that the denial of the instruction was error.

¶20. When reviewing the trial court's grant or denial of jury instructions, this Court reviews the jury instructions as a whole to determine whether the jury was properly instructed on the applicable law. *Flowers v. State*, 51 So. 3d 911, 912 (Miss. 2010). A party has the right to have the jury instructed on all material issues presented by the evidence; generally, an instruction should be granted if it correctly states the law, is supported by the evidence, and is not repetitious. *Id.* The trial court properly refused the insanity instruction. The trial court had prohibited Pauley from raising the insanity defense due to his noncompliance with the deadline imposed by Uniform Rule of Circuit and County Court Practice 9.07. Therefore, no instruction on the insanity defense was warranted.

## CONCLUSION

¶21. While the trial court erred by sustaining the State's hearsay objection, the error was not reversible; the trial court did not abuse its discretion by denying a continuance; Pauley may raise the issue of ineffective assistance of counsel in post-conviction proceedings; the trial court did not abuse its discretion in sustaining the State's relevance objections; the trial court did not commit reversible error by restricting Pauley's redirect examination of Alicia; this Court is unable to review the indictment issue because Pauley has not provided a complete record; and Pauley was not entitled to a jury instruction on the insanity defense. We affirm Pauley's conviction and sentence.

11

**¶22. CONVICTION OF FELONY MALICIOUS MISCHIEF AND SENTENCE OF FIVE (5) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. APPELLANT SHALL PAY A FINE OF $1,500.00 PLUS COSTS OF COURT AND RESTITUTION OF $1,000.00 TO THE VICTIM, WITH CONDITIONS.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE AND COLEMAN, JJ., CONCUR. KING, J., NOT PARTICIPATING**.