JAMES, J.,
for the Court:
¶ 1. Following a jury trial, Arthur Moore was convicted of capital murder in the Circuit Court of Holmes County. On appeal, Moore challenges the weight and sufficiency of the evidence, arguing the State failed to prove beyond a reasonable doubt that he did not act in self-defense. Finding both issues are procedurally barred, we affirm.
*1230 FACTS AND PROCEDURAL HISTORY
¶ 2. Moore and Felicia Butler were involved in a tumultuous relationship. The couple, along with their two young children, lived together in a mobile home in Pickens, Mississippi. On the morning of February 12, 2011, Inez Porter, a mutual friend of Moore and Felicia, wanted Moore to drive her to a tattoo parlor. Moore drove Inez to the parlor, and then dropped Porter off at his home to visit Felicia. Moore then left to get a haircut. Shortly after Moore left, he received a call from Felicia. Felicia asked Moore to bring the car home so that she could drive to Vaughan, Mississippi, to speak with the father of her child from a previous relationship.[1] Moore refused and ended the call. Felicia immediately called Moore again, this time to tell Moore that he needed to come home because the children needed food. Moore then left and headed home. As Moore entered the driveway of his home, Felicia walked outside and demanded that Moore give her the car and his gun so that she could drive to Vaughan and confront her child’s father. After Moore refused, he and Felicia became involved in a physical altercation. The altercation grew violent, at which point Felicia hit Moore in the head with a brick.
¶ 3. After several minutes of fighting, Moore got in his car and drove away, leaving Felicia in the front yard of the home. While driving, Moore called Felicia’s brother, Anthony Butler. Moore told Butler, “Go and get your sister before I kill her.” Shortly thereafter, Moore spotted Butler driving in the opposite direction. Butler’s cousin, Anthony Morton, was riding on the passenger’s side of Butler’s vehicle. Moore stopped Butler, and again told him, “Go and get your sister before I kill her.” Butler stated he had nothing to do with Moore and Felicia’s altercation. Butler drove away and headed to Moore’s house to pick up Felicia. Moore followed. Upon their arrival, Moore got out of his truck and immediately began arguing with Felicia. During the argument, Butler got out of his car and stood by the door on the driver’s side. Butler told Felicia to go in the house and get her baby so they could leave. While Moore and Felicia continued arguing, Butler reached into his car to get a cigarette. At that point, Moore walked back to his own vehicle and retrieved a 30-caliber rifle. Moore pointed the rifle at Butler and told Butler to “stop reaching.” Butler raised both of his hands and said he did not have anything. Before Butler could get into his vehicle and leave, Moore fired his rifle at Butler, striking Butler in the right side of his chest. At that point, Felicia, Porter, and Morton ran to the next-door neighbor’s house for safety. Morton testified that as they were running, Moore continued to fire his rifle at them and demanded that they leave his property. Butler died at the scene.
¶ 4. On April 21, 2011, Moore was indicted for capital murder and four counts of aggravated assault.[2] A trial was held on February 13, 2012. Moore was found guilty of murder but was acquitted on all four counts of aggravated assault. Moore was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections. Without ever having filed a motion for a new trial or a motion for a judgment notwithstanding the verdict, Moore filed the present appeal.
*1231 DISCUSSION
I. Sufficiency of the Evidence
¶ 5. Moore claims the evidence was insufficient to support his conviction of capital murder because the State failed to prove beyond a reasonable doubt that he did not shoot Butler in self-defense. Moore’s challenge to the sufficiency of the evidence is procedurally barred. The general rule for preserving a challenge to the sufficiency of the evidence for appeal is, if the trial court denies a motion for a directed verdict made by the defendant at the close of the State’s case-in-chief, and the defendant proceeds to introduce evidence on his own behalf, the motion for a directed verdict must be renewed at the close of all evidence. Page v. State, 990 So.2d 760, 762 (¶ 9) (Miss.2008) (citing Wright v. State, 540 So.2d 1, 3 (Miss.1989)). Failure to do so constitutes a waiver of any challenge on appeal to the sufficiency of the evidence. Carey v. State, 80 So.3d 131, 134-35 (¶ 10) (Miss.Ct.App.2012) (citing Robinson v. State, 749 So.2d 1054, 1058-59 (¶ 13) (Miss.1999)).
¶ 6. At the conclusion of the State’s casein-chief, Moore moved for a directed verdict on counts II, III, IV, and V, which were the four counts of aggravated assault. Moore argued the State lacked proof that he attempted to cause serious bodily injury to Felicia, Morton, Porter, and his four-year-old daughter at the time of the shooting. After a lengthy exchange between the trial court, the State, and Moore’s attorney, the court granted the motion for count II; the charge of aggravated assault against his four-year-old daughter. As for the remaining three counts of aggravated assault, the motion was denied.[3] Moore did not renew his motion at the close of all evidence. However, Moore’s failure to do so is inconsequential to the present issue, because he never moved for a directed verdict on the capital-murder charge. In fact, he never challenged the sufficiency of the evidence regarding the capital murder charge at any time during trial or prior to the present appeal. Therefore, the issue of the sufficiency of the evidence regarding Moore’s conviction of capital murder is not properly before this Court.
II. Weight of the Evidence
¶ 7. Next Moore claims that the jury verdict was against the overwhelming weight of the evidence. Moore is procedurally barred from raising this issue on appeal. The record shows that Moore never filed a motion for a new trial. “[I]f an appellant raises for review an issue not raised in the pleadings, transcript, or rulings, the appellant must have preserved the issue by raising it in a motion for a new trial.” Carey v. State, 80 So.3d 131, 136 (¶ 15) (Miss.Ct.App.2012) (quoting Page v. State, 64 So.3d 482, 489 (¶ 29) (Miss.2011)). Because Moore failed to preserve his challenge to the weight of the evidence, the issue is not properly before this Court. “[A] party seeking reversal of the judgment of a trial court must present this Court with a record adequate to show that an error of reversible proportions had been committed and that the point has been procedurally preserved.” Nelson v. State, 919 So.2d 124, 126 (¶ 6) (Miss.Ct.App.2005) (quoting Hansen v. State, 592 So.2d 114, 127 (Miss.1991)). Furthermore “[t]his Court cannot consider matters not included in the record.” Page, 990 So.2d at 762 (¶ 11) (citing Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973)).
*1232 ¶ 8. Procedural bars notwithstanding, we find Moore’s challenges to the weight and sufficiency of the evidence are without merit. For both challenges, Moore claims the State failed to prove beyond a reasonable doubt that he did not act in self-defense. Felicia, Porter, and Morton, all eyewitnesses to the shooting, testified that Butler was unarmed at the time Moore shot him. Each eyewitness stated that moments before Butler was killed, he raised his hands over his head and pleaded, “I don’t have nothing.” Felicia also testified that Butler did not have a weapon in his vehicle at the time of the shooting. The record shows that Moore was the only person with a firearm at the scene of the shooting. Furthermore, Porter and Morton testified that immediately after Butler was shot, Moore proceeded to fire his rifle at them as they were running to the next-door neighbor’s house for safety. Any rational juror could have found beyond a reasonable doubt that Moore did not shoot Butler in self-defense. We find the evidence was sufficient to support Moore’s conviction of capital murder. And no injustice will result in allowing the jury verdict to stand.
¶ 9. Finding both issues to be procedurally barred and without merit, we affirm Moore’s conviction of capital murder.
¶10. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY.

. The record indicates that Felicia had planned to confront the child's father about withholding money from her.

. Moore was charged with aggravated assault against Felicia, Porter, Morton, and Moore’s four-year-old daughter who was standing outside during the shooting.

. The jury ultimately found Moore not guilty on the remaining counts of aggravated assault.